96  354
98  79
96  354
d124 343

[No. 20930. In Bank. — October 6, 1892.]

## Ex parte SING LEE, on Habeas Corpus.

Constitutional Law — Police Power — Void Municipal Ordinance — Unreasonable Restrictions upon Public Laundries. — A town ordinance prohibiting the carrying on of a public laundry within the corporate limits of the town, except in certain specified blocks thereof, without a written permit from the board of trustees, and providing that no permit shall be granted unless the applicant shall have first obtained the written consent of a majority of the real property owners within the block in which the business is to be carried on, and also of the four blocks immediately surrounding such block, does not fall within the local police power granted by section 11 of article XI. of the state constitution, but is an unreasonble and unauthorized interference with the inalienable right to engage in a lawful occupation, and with the right of the owner of property to devote it to a lawful purpose.

Id. — Place of Conducting Lawful Occupation — Dependence upon Will of Others — Power of Municipal Corporation. — The business of conducting a laundry is a lawful occupation, and is not of itself, and irrespective of the manner in which it is conducted, offensive or dangerous to the health of those living within its vicinity, and no municipal corporation has the power to make the right of a person to follow this business at any place he may select for that purpose dependent upon the will of any number of citizens or property owners within its limits.

Application to the Supreme Court for a discharge from imprisonment upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*F. C. Lusk*, for Petitioner.

The business of carrying on a laundry is harmless and useful (*Yick Wo* v. *Hopkins*, 118 U. S. 356; *Laundry Ordinance Case*, 7 Saw. 526), and the ordinance herein is therefore unconstitutional. (*Yick Wo* v. *Hopkins*, 118 U. S. 356; *In re Tie Loy*, 11 Saw. 472; *In re Sam Kee*, 12 Saw. 379; *Laundry Ordinance Case*, 7 Saw. 526.) Municipal ordinances, to be valid, must be reasonable, not oppressive, lawful, of general operation, fair, not in restraint of lawful business, not contravening common right, and not in violation of the federal or state constitutions. (1 Dillon on Municipal Corporations, secs. 319 et seq.; *In re Maguire*, 57 Cal. 604; 40 Am. Rep. 125; *Ex parte Hodges*, 87 Cal. 165; *Ex parte Frank*, 52 Cal. 606;

28 Am. Rep. 642; *Ex parte Kearny*, 55 Cal. 225; *Ex parte Green*, 94 Cal. 387; *Mayor* v. *Radecke*, 49 Md. 218; *Missouri* v. *Fisher*, 52 Mo. 174; *Pieri* v. *Shieldsboro*, 40 Miss. 493; *State* v. *Mahner*, 43 La. Ann. 496.)

*William H. Schooler, contra.*

The ordinance in question is valid. (*Ex parte Hang Kie*, 69 Cal. 149; *Ex parte Protti*, 68 Cal. 635; *Ex parte Moynier*, 65 Cal. 33; *Ex parte White*, 67 Cal. 102; *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Ex parte Christensen*, 85 Cal. 208; *Beer Co.* v. *Massachusetts*, 97 U. S. 25; *Meigler* v. *Kansas*, 123 U. S. 629.) As to the extent of the police power, see *Ohio Life Ins. Co.* v. *Debolt*, 16 How. 416; *Butchers' Union Co.* v. *Crescent City Co.*, 111 U. S. 746; *Foster* v. *Kansas*, 112 U. S. 201; *Missouri Pac. R. R.* v. *Hunses*, 115 U. S. 512.

De Haven, J. — The petitioner was, at the date of the issuance and service of the writ of *habeas corpus* herein, restrained of his liberty by the marshal of the town of Chico, upon a charge of having violated section 1 of a certain ordinance of that town, "in that he did . . . . unlawfully establish, maintain, and carry on the business of a public laundry . . . . without having first obtained a written permit from the board of trustees of said town to establish, maintain, and carry on such public laundry."

It is claimed by the petitioner that the section of the ordinance which he is charged with violating is unconstitutional, and that therefore his imprisonment is illegal. For the purpose of passing upon the question thus presented, it is only necessary to consider sections 1 and 2 of the ordinance referred to. They are as follows: —

"Sec. 1. On and after the passage of this ordinance, it shall be unlawful for any person or persons to establish, maintain, or carry on the business of a public laundry or public wash-house, where clothes or other articles

are cleansed for hire, within the corporate limits of the town of Chico, except in block No. twenty-four (24) and block No. ninety-six (96) of said town according to the official map thereof on file in the recorder's office of Butte County, California, without first having obtained a written permit from the board of trustees to establish, maintain, or carry on such public laundry or public wash-house.

"Sec. 2. No permit shall be granted by said board of trustees, unless the person or persons so applying for the same shall have first obtained the written consent of a majority of the real property owners within the block in which it is proposed to establish, maintain, or carry on such public laundry or public wash-house, and also of the four blocks immediately surrounding the block in which it is proposed to establish, maintain, or carry on such public laundry or public wash-house."

1. It is provided by section 11 of article XI. of the constitution of this state that "any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws," and it is argued here, in behalf of respondent, that the ordinance in question is a police regulation, and therefore one which the town of Chico was authorized to enact by this section of the constitution. The power conferred upon cities and towns by the section just quoted is undoubtedly a very broad and comprehensive one, and would sustain the enactment of any ordinance having a reasonable tendency to promote the health, the comfort, safety, and welfare of the inhabitants of the municipality, and which would not be in conflict with some general law of the state. But, broad as is this power, the ordinance before us cannot be considered as falling within the limits of its proper exercise.

The business of conducting a laundry is a lawful occupation, precisely as much so as is that of the carpenter, blacksmith, or merchant, and is not of itself, and irre-

spective of the manner in which it is conducted, offensive or dangerous to the health of those living within its vicinity, and no municipal corporation has the power to make the right of a person to follow this business at any place he may select for that purpose dependent upon the will of any number of citizens or property owners within its limits, as is attempted in the ordinance under review.

A town or city may, when deemed necessary for the public health or safety, adopt reasonable regulations as to the manner in which such a business shall be conducted, and for this purpose may, in the exercise of its police power, impose reasonable restrictions as to the kind of building which may be used for such purposes, as, for instance, that it shall be of brick or stone in large and closely built cities, and that it shall have sufficient drainage, and may prescribe within reasonable limits the hours during which the work of the laundry shall be suspended. (*Ex parte Moynier*, 65 Cal. 36; *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 703.) Regulations such as these were held in the cases above cited to be merely police regulations, which any municipality possessed of the ordinary powers of such corporations may exercise with a view to promote the health and safety of the community. But the ordinance which the petitioner here is charged with violating is not of this character, and the restrictions which it imposes upon the right to carry on a public laundry have no tendency to promote the public health, or in any way to secure the public comfort or safety. The sections of the ordinance above quoted bear no kind of relation to such objects, and do not attempt to regulate the business mentioned with the view of accomplishing such ends, but they commit the right to carry on such business at all, in all but two blocks of the town, to the unrestricted will and caprice of a majority of the real property owners within the block upon which it is proposed to establish such laundry, and of the four blocks immediately sur-

rounding such block. Such a condition imposed upon the right of a person to maintain a public laundry is not only an unauthorized interference with the inalienable right of such person to engage in a lawful occupation, but also with the right of the owner of property to devote it to a lawful purpose. The personal liberty of the citizen and his rights of property cannot be thus invaded under the disguise of a police regulation. (*In the Matter of Jacobs*, 98 N. Y. 98; 50 Am. Rep. 636.

In the case of *Yick Wo* v. *Hopkins*, 118 U. S. 373, the supreme court of the United State~ ʰad before it the question of the validity of an ordin:      ɔ of the city and county of San Francisco which m      ɔ it unlawful for any person to " carry on a laundry within the corporate limits of the city and county of San Francisco, without having first obtained the consent of the board of supervisors, except the same be located in a building constructed either of brick or stone." This provision of the ordinance was in that case held void, as conferring upon the municipal authorities an arbitrary power to give or withold consent to the carrying on of such business in buildings not made of brick or stone. In passing upon that question, the court, speaking by Mr. Justice Matthews, said: " It does not prescribe a rule and conditions for the regulation of the use of property for laundry purposes to which all similarly situated ,may conform. It allows without restriction the use for such purposes of buildings of brick or stone; but as to wooden buildings, constituting nearly all those in previous use, it divides the owners or occupants into two classes, not having respect to their personal character and qualifications for the business, nor the situation and nature and adaptation of the buildings themselves, but merely by an arbitrary line, on one side of which are those who are permitted to pursue their industry by the mere will and consent of the supervisors, and on the other, those from whom this consent is withheld, at their mere will and pleasure. And both classes are alike only in this,

that they are tenants at will, under the supervisors, of their means of living."

The ordinance now before us is not less illegal and arbitrary in its provisions, as it makes the right of the trustees to grant permission to carry on a laundry outside of the two blocks mentioned dependent entirely upon the consent of a certain number of property owners, who are not accountable to any one for their action, and who are not required to give or have any other reason for their refusal to give such consent than their mere will. It is very clear to us that the right of an owner to use his property in the prosecution of a lawful business, and one that is recognized as necessary in all civilized communities, cannot be thus made to rest upon the caprice of a majority, or any number, of those owning property surrounding that which he desires to use.

An ordinance in all respects similar to this was held unconstitutional in *The Laundry Case*, 7 Saw. 528, and it was there said by the court: "In the business of a laundry there is nothing objectionable that may not be urged against all occupations in the city and county. If, therefore, the supervisors can make its prosecution depend upon the approval of others in its neighborhood, they may require a similar approval for the prosecution of other business equally inoffensive. . . . . Such a restriction upon the freedom of the pursuit of a lawful occupation is not authorized by any power vested in the board of supervisors, and it may be doubted whether it could be authorized by any legislative body under our form of government."

There is a wide distinction between the ordinance in this case and that which was upheld by this court in *Ex parte Christensen*, 85 Cal. 213. This ordinance deals with an occupation which is harmless in itself, and useful to the community, while the other was sustained as a police regulation of a business in which the citizen has no inherent right to engage, but which may be prohibited altogether, or only permitted under such conditions and restrictions as will, in the judgment of the

law-making power, limit to the utmost the evils which often attend it.

Petitioner discharged.

SHARPSTEIN, J., GAROUTTE, J., PATERSON, J., and BEATTY, C. J., concurred.

McFARLAND, J., concurred in the judgment.