THE CITY OF ST. LOUIS, v. HOWARD, *Appellant.*

### Division Two, December 23, 1893.

1. **St. Louis: CHARTER: SLAUGHTERHOUSES.** The city of St. Louis is authorized to prohibit by ordinance the operation of slaughterhouses by virtue of the provision of its charter empowering it to provide for the erection, management and regulation of slaughterhouses.

2. ———: ———: ———: ORDINANCE. An ordinance of said city making it a misdemeanor to operate a slaughterhouse within three hundred feet of a dwelling house without the written consent of the occupant is invalid as attempting to substitute for the sanction of a law the written consent of one or more individuals. (*St. Louis v. Russell,* 116 Mo. 248, *followed*)..

| | |
|---|---|
| 119 | 41 |
| 56a | 19 |
| 119 | 41 |
| 68a | 396 |
| 119 | 41 |
| 154 | 529 |
| 119 | 41 |
| 89a | 98 |
| 89a | 589 |
| 119 | 41 |
| 97a 1 | 24 |

*Appeal from St. Louis Court of Criminal Correction.*
HON. J. R. CLAIBORNE, Judge.

REVERSED.

This proceeding against defendant is bottomed on, his alleged violation of section 373, article 8, chapter 14, Revised Ordinances, 1887, p. 583.

Defendant was brought before the second district police court to answer in an action of debt in the sum of $25 for having on the twentieth day of July, 1891, etc., carried on a slaughterhouse within the distance of three hundred feet of certain dwelling houses, etc.

On trial before the police court, defendant was found guilty as charged, and he appealed to the court of criminal correction. When that court was reached, his motion to quash the information filed against him was denied; the grounds of the motion being that the ordinance in question is "unconstitutional, illegal and void because the same is unreasonable; because it is an, attempt to delegate legislative power, and because

said ordinance is not within the legislative powers of the city of St. Louis by its charter.''

Thereupon evidence was adduced, and upon that, defendant was again found guilty as charged, his fine again assessed at $25, and he has appealed to this court.

*T. J. Rowe* for appellant.

(1) The ordinance, section 373, fixes no limit to the punishment that may be inflicted on the defendant. The fine is fixed at not less than $25 per day, which is exorbitant and unreasonable. There should be both a minimum and a maximum fine. A by-law or ordinance which fails to fix the amount of the fine within certain limits is unreasonable on its face and therefore void. 1 Dillon, Munic. Corp. sec. 341; *State v. Zeigler*, 32 N. J. L. 262; *State v. Crenshaw*, 94 N. C. 877; Cooley's Const. Lim. 243–245; *Mayor v. Phelps*, 27 Ala. 55; *State v. Rice*, 97 N. C. 421. (2) The ordinance under consideration violates the requirements of good municipal law, viz: that it should be reasonable and should not delegate legislative power as clearly shown by the able opinion delivered by THOMPSON, Judge, in 16 Mo. App. 147–149. (3) A law cannot be a valid and constitutional law which makes an act illegal when done by one man and legal when done by another in same locality, at same time, and under like circumstances. *St. Louis v. Weber*, 44 Mo. 547; *Corrigan v. Gage*, 68 Mo. 541; *Cape Girardeau v. Riley*, 72 Mo. 220. (4) Section 373 is illegal in that it declares that the owner of a slaughterhouse shall not lawfully use his building without the written consent of the owner of the dwelling. The city cannot so abdicate its corporate functions. *Flint v. Russell*, 5 Dill. 151; *Ruggles v. Collier*, 43 Mo. 353; *City v. Clemens*, 43 Mo. 395; *City v.*

The City of St. Louis v. Howard.

*Clemens*, 52 Mo. 133; *Thompson v. Boonville*, 61 Mo. 282; *Mathews v. Alexandria*, 68 Mo. 119.

*W. C. Marshall* for respondent.

(1) Section 373, Revised Ordinances of St. Louis, is not a delegation of legislative power. (2) Section 373 is a regulation and not a delegation of legislative power. *Flint v. Russell*, 5 Dill. 151; *Ruggles v. Collier*, 43 Mo. 353; *City v. Clemens*, 43 Mo. 395; *City v. Clemens* 52 Mo. 133; *Thomson.v. Boonville*, 61 Mo. 282; *Mathews v. Alexandria*, 68 Mo. 119. (3) Section 375, Revised Ordinances, 1887, is not a delegation of legislative power. *Township Organization Case*, 55 Mo. 296; *Fell v. State*, 42 Md. 72; *Caldwell v. Barrett*, 73 Ga. 604; *Com. v. Weller*, 77 Ky. 218; *City v. Noyes*, 38 N. H. 279; *Erlinger v. Boneau*, 51 Ill. 94; *Locke's Appeal*, 72 Pa. St. 492; *Smith v. Janesville*, 26 Wis. 291; *Com. v. Kimball*, 31 Am. Dec. 337.

SHERWOOD, J.—In order to determine whether the motion filed to quash the information was properly denied, requires a recital and examination of certain provisions of the city charter which have been brought to our attention. Paragraph 6, of section 26, pages 322, 323 of the charter empowers the city: "To regulate stone quarries and quarrying of stone, and the slaughtering of animals; provide for the erection, management and regulation of slaughterhouses; prevent the driving of stock through the city; prohibit the erection of soap factories, stock-yards and slaughterhouses, pig pens, cow stables and dairies, coal oil and vitriol factories within prescribed limits, and to remove and regulate the same; and to regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health, or the manufacture

or vending of articles obnoxious to the health of the inhabitants; and to declare, prevent and abate nuisances on public or private property and the causes thereof.''

Paragraph 14 of the same section and article of the charter, pages 326, 327, also empowers the city as follows: ''Finally, to pass all such ordinances, not inconsistent with the provisions of this charter, or the laws of the state, as may be expedient, in maintaining the peace, good government, health and welfare of the city, its trade, commerce and manufactures, and to enforce the same by fines and penalties not exceeding $500, and by forfeitures not exceeding $1,000.''

Section 34 of the same article, page 328, declares that: ''No stone quarry shall be opened, or brick kiln located, or soap factory, slaughterhouse, bone or rendering factory erected within the distance of three hundred feet of any dwelling house built and inhabited before such opening, location or erection, without the consent, in writing, of the owner and of the occupant of every such house. The assembly shall provide, by ordinance, for the effectual enforcement of this section.''

The investigation before us also requires the recital and discussion of two sections of the Revised Ordinances of 1887, the one on which defendant was fined, and the one next preceding it. These sections are as follows:

''Sec. 372. Hereafter no stone quarry shall be opened, or brick kiln located, or soap factory, slaughterhouse, bone or rendering factory, erected within the distance of three hundred feet of any dwelling house, built and inhabited before such opening, location or erection, without first having obtained permission so to do from the municipal assembly by proper ordinance. Any person, company of persons, firm or corporation

violating any or either of the provisions of this section, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than $100 nor more than $500.

"Sec. 373. It shall not be lawful for any person, company of persons, firm or corporation, to work a stone quarry or operate a brick kiln, or carry on a soap factory, slaughterhouse, bone or rendering factory, opened, located or erected after the passage of this article, within the distance of three hundred feet of any dwelling house built and inhabited before such opening, location, or erection, without the consent, in writing, of the owner and occupant or occupants of every such house. Any person, company of persons, firm or corporation, violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than $25 for each and every day such stone quarry, brick kiln, soap factory, slaughterhouse, bone or rendering factory is worked, operated or carried on without such consent." Revised Ordinances, 1887, p. 583.

These sections being placed in juxtaposition, and being in *pari materia*, are to be treated as if embodied in one section; because statutes must be construed with reference to the whole system of which they form a part, and therefore statutes even on cognate subjects may be referred to, though not strictly in *pari materia* in order to elucidate the intention of the leglislature in enacting any given statute. Sutherland on Statutory Construction, secs. 283, 284, and cases cited.

Under paragraph 6 of section 26, of article 3, of the charter before quoted, the city has the power "to * * * provide for the erection, management and regulation of slaughterhouses." And section 34 of the same article is in *pari materia* with the former subsection of section 26 of the same article, because it pro-

hibits any "slaughterhouse" from being "erected within a distance of three hundred feet of any dwelling house, etc., without the consent, in writing, of the owner," etc., and then charges the assembly to "provide by ordinance for the effectual enforcement of this section."

The policy of the city concerning the operation or erection of slaughterhouses, is thus clearly outlined in the sections of the charter already set forth.

But the objection is made that section 34, of article 3, of the city charter, confers no power on the city to pass ordinance section 373, prohibiting the *operation* of a slaughterhouse. While this is true of section 34 aforesaid, it does not hold good as to paragraph 6 of section 26 of the same article, for that subsection *does* confer such power as readily appears by reference to the standards of our language: Thus, "management" means administration, control, etc., and one of the synonyms of management is government. The last word means control, and that means power or authority to check or restrain.

Regulation means a rule or order prescribed for management or government. Webster's Dictionary. So that paragraph 6, of section 26, of article 3 of the charter, empowers the city (by ordinance, of course, for that is the only way the city can legislate) to prescribe rules whereby slaughterhouses may be erected or operated, or whereby such erection or operation may be checked or restrained either partially or *in toto*. This power is co-extensive with the boundaries of the city, and has no limitations but those contained in the charter itself, except that such charter is subordinate to the constitution and laws of this state.

But notwithstanding the city has plenary powers in this regard, it has not seen fit to exercise them by passing an ordinance making it a misdemeanor to carry

on or operate a slaughterhouse "without first having obtained permission so to do from the municipal assembly by proper ordinance." And, doubtless, it might be provided in such ordinance that, as a condition precedent to its passage, the consent in writing of the owner, or owners, of adjacent house, or houses, should first be obtained. The ordinance would have the force of law, no matter what were its prescribed prerequisites. But, without such ordinance, the case stands here in precisely the same position as did *St. Louis v. Russell*, 116 Mo. 248, and consequently the same principle applies.

Adhering to the ruling in that case, section 373 must be held invalid, because of attempting to substitute for the sanction of a law, the written consent of one or more individuals.

Therefore, judgment reversed and defendant discharged. All concur.