CASE 31.—MANDAMUS ON PETITION OF ELEANOR BEL-
KNAP AGAINST R. J. TILFORD, BUILDING IN-
SPECTOR CITY OF LOUISVILLE.—June 20.

# Tilford, Building Inspector, v. Belknap

Appeal from Jefferson Circuit Court.

(C. P. Branch, 3 Div.) MATT O'DOHERTY, Judge.

Judgment for plaintiff, defendant appeals.—Af-
firmed.

1.  Municipal Corporations—Police Power—Fire Ordinance.—The
    police power of a municipality to enact ordinances for the
    safety of the public, etc., includes the right to enact reason-
    able ordinances, rules and regulations to prevent the spread
    of fires and for the protection of property within the corpo-
    rate limits.
2.  Same—Delegation of Governmental Power.—A municipal ordi-
    nance providing that no frame building shall be erected,
    moved or remodeled within the city until the owner, archi-
    tect or agent shall have obtained permission in writing from
    all parties owning permanent brick or stone structures within
    a radius of sixty feet of the proposed structure, was unconsti-
    tutional, as a delegation of governmental power to private
    citizens.
3.  Constitutional Law—Municipal Ordinances—Due Process of
    Law—Equal Protection of Law.—Such ordinance was also un-
    constitutional as depriving the owners of frame structures of
    the equal protection of the laws and of their property with-
    out due process of law.
4.  Municipal Corporations—Ordinances—Reosanableness.—A mu-
    nicipal ordinance prohibiting the erection, removal or remodel-
    ing of a frame building within sixty feet of a brick or stone
    structure without the consent of the owner of the latter was
    void for unreasonableness.

WARWICK MILLER for appellant.

Tilford, Building Inspector, v. Belknap.

1.   Our contention is that by Sec. 2783, Ky. Stats , the council of the city of Louisville has power to pass for the government of the city any ordinance not in conflict with the Constitution of the United States or of this State or the statutes thereof.   Under the authority of said Sec. 2873 the ordinance in question was passed and appellee admits it comes under the police power, and if it comes under the police power it is not taking property without due process of law.

2.   Under the exercise of power by the legislature private comfort and interest must yield to the public welfare.   The use of property may be so regulated as to insure public safety.   Every owner takes property subject to this condition.

### AUTHORITIES CITED.

Hydes v. Joyce, 4 Bush, 464; Franke v. Paducah Water Company, 88 Ky., 467; Lowery v. City of Lexington, 75 S. W., 202; Louisville v. Public Library Co. and City 26 R. 202, Gundberg v. Chicago, 177 U. S., 183; Arms v. Ayers, 58 L. R. A., 277; McQuillan on Municipal Ordinances, sec. 89; Smith's Modern Law of Municipal Corporations, sec. 1321: City of Eureka v. Wilson, son, 48 Pac. Rep., 43; Commissioners at Easton v. Mann, 12 L. R. 48 Pac. Rep., 43; Commissioners at Easton v. Covey 74 Md. 262, City of Olympia v. Mann, 12 L. R. A., 150; Brock v. Commonwealth, Ky. Stats., sec. 2783; L'Hote v. New Orleans, 20 Sup. Court Rep. 788; First Dilon Municipal Corporations, 4th ed., sec. 141; Power v. Pa., 127 U. S., 678.

C. B. BLAKELY for appellee.

HUMPHREY, HINES & HUMPHREY of counsel.

1.   It is contended by appellee that the ordinance in question is invalid for the reason that it is a delegation to a private citizen to exercise a power which alone the city has authority to exercise.   A municipal corporation cannot delegate its police power to a private individual.

2.   The ordinance applies to the outskirts of the city where frame buildings predominate, and for that reason, if for no other, it is unreasonable and void.

3.   The ordinance is in violation of the Fourteenth Amendment to the Federal Constitution, providing that "no person shall be deprived of his property without due process of law;" and that "all persons are entitled to the equal protection of the law." ·

AUTHORITIES.

McQuillan on Municipal Corporations, secs. 84, 87; Frank v. Paducah, 88 Ky., 469; Hydes v. Joyce, 4 Bush, 464; Lowery v. City of Lexington, 75 S. W., 202; Boyd v. City of Frankfort, 77 S. W., 669; St. Louis v: Russell, 22 S. W., 470; St. Louis v. Howard, 24 S. W., 770; in re Quong Woo, 13 Fed Rep., 229.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the lower court compelling by mandamus the city of Louisville, through its board of safety and building inspector, to grant appellee permission to erect a frame dwelling upon her lot situated on a street of that city, known as "Longest avenue." The facts alleged in the petition sufficiently present the grounds upon which appellee based her right to the permit demanded of appellant's building inspector, and these facts, being confessed by the demurrer to the petition, and not denied by answer, are, upon this appeal, to be accepted as true. The facts are, in brief, as follows: Appellee wished to build a frame dwelling house on her lot, which lies in the outskirts of the city of Louisville, and adjoining that of Henry S. Gray, upon which is situated a brick dwelling house. An ordinance of the city required appellee, before beginning the erection of the house on her lot, to obtain of R. J. Tilford, its building inspector, a permit to build same. When she applied to the inspector for the permit, he refused to grant it upon the sole ground, that Gray, the owner of the adjoining lot containing the brick building, had refused to consent in writing or otherwise to the erection of a frame house on appellee's lot, as it would be within 60 feet of his brick house. Appellee had previously asked written permission of Gray to erect the house

in question, which was refused. Her request to the inspector for the permit and his refusal of same were both in writing. The building inspector's refusal of the permit was based on section 6 of an ordinance of the city of Louisville. The section reads as follows: "No frame building shall be erected, moved or remodeled within the city of Louisville, until the owner, architect, or agent, of said building shall have obtained permission in writing from all parties owning permanent brick or stone structures within a radius of sixty feet of the proposed structure; for failure to comply with this section the owner, architect or builder, either or all of them, shall be subject to a fine of from five to twenty-five dollars per day for each day, until this section is complied with." The petition attacks this ordinance upon the ground that it is violative of the provisions of the State Constitution, because by it the city of Louisville attempts to delegate to the private citizen power over the property of another, which the city alone has authority to exercise, and is also violative of the provisions of the fourteenth amendment to the Constitution of the United States, which declares that no person shall be deprived of his property without due process of law, and that all persons are entitled to the equal protection of the law. The court below held the section supra unconstitutional and void, and in that ruling we fully concur. It goes without saying that in the exercise of its governmental functions, and under the police power, a municipality may enact ordinances for the safety of the public and the protection of its health and morals. This includes the right to establish by ordinance rules and regulations to prevent the spread of fires and for the protection of property within the corporate limits, but such rules

and regulations must be reasonable, and their enforcement undertaken by the city in its corporate capacity, or, if this be not practicable, intrusted to such instrumentalities as it may lawfully create and clothe with the necessary power. The right of the municipality to place in the hands of boards and even single officers the enforcement of regulations for the health and safety of the public has frequently been sanctioned by legislative enactment and recognized by the courts. But such powers as these cannot be delegated to a private citizen as here attempted. In considering this subject McQuillan, in his work on Municipal Corporations (section 84) says: "Therefore the principle is fundamental and of universal application that public powers conferred upon a municipal corporation and its officers and agents cannot be surrendered or delegated to others. Contracts and ordinances relating to any municipal function which embarrass in any way the power of regulation of public affairs are ultra vires; for the municipal corporation cannot in any manner divest itself of its powers to control and regulate at all times everything within the domain of its jurisdiction." We are further told in the same work (section 87): "So an ordinance giving the property owners of a block the right to say whether a livery stable shall be located in such block —such power being imposed by charter upon the legislative body—is void. So an ordinance making it a misdemeanor to operate a slaughter-house within three hundred feet of a dwelling house, without the written consent of the occupant, is invalid, as attempting to substitute for the sanction of the law the written consent of one or more individuals. So, where the charter or law applicable commits to the legislative body of the corporation the exclusive

authority to provide by ordinance, additional offices, situations, and places of employment, in the municipal service, and fix the compensation as in the legislative discretion the demands of the several offices or departments require, such power can not be delegated in whole or in part." The doctrine announced by McQuillan has frequently been approved by this court. Thus, in Frank v. Paducah, 88 Ky. 469, 11 Ky. Law Rep. 17, 11 S. W. 433, 718, 4 L. R. A. 265, it is said: "A delegation of power to one corporation or to one man in a city of determining who shall exercise a particular trade and to provide penalties for misconduct or neglect in the discharge of his duties is also in violation of the organic law of the State." This court held to the same doctrine in the following cases: Hydes v. Joyce, 4 Bush, 464, 96 Am. Dec. 311; Lowery v. City of Lexington, 75 S. W. 202, 116 Ky. 157, 25 Ky. Law Rep. 392. In St. Louis v. Russell, 22 S. W. 470, 116 Mo. 248, 20 L. R. A. 721, an ordinance very similar to the one under consideration was declared invalid. In the opinion it is said: "We are also of the opinion that the ordinance is invalid for the reasons that by its provisions one citizen is permitted to erect a livery stable in a certain locality by obtaining the written consent of the owners of one-half of the ground in the block, while another of like merit would not be permitted to do so for the want of such consent. It would enable one person to construct and operate a livery stable upon one side of the street by getting the written consent of the owners of one-half of the ground in the block, while another would be denied the privilege of erecting a similar building in the opposite block across the street, or in an adjoining block, because of his inability to obtain such consent. Not only this, if one

person is fortunate enough to be the owner of one-half of the ground in the block, he can erect his stable with impunity, while his neighbor, or other person, not so fortunate, could not do so, the direct result of which would be to create a monopoly. The effect would be discrimination in favor of certain persons and against others entitled to equal rights before the law. This court has on different occasions held ordinances less obnoxious, unreasonable, and void.'' St. Louis v. Howard, 24 S. W. 770, 119 Mo. 41, 41 Am. St. Rep. 630.

The ordinance involved in the case at bar is both unreasonable and discriminatory, for it attempts to confer upon a private citizen who may be so fortunate as to own a stone or brick house power of the most arbitrary character over the property of his neighbors within a radius of 60 feet of his own house. This power is not allowed to the owner of a frame house, though his house would be in more danger from the erection of a frame house on the adjoining lot of his neighbor than would a brick or stone house. The owner of the stone or brick house is, in respect to the exercise of the power delegated by the ordinance, wholly uncontrolled. The only way the adjoining lot owner can interfere with his exercise of the power conferred is to build on his lot a brick or stone house; for in no other way can he avoid the necessity of having to ask the other's consent. This of itself practically amounts to coercion or duress. As said in the opinion of the learned circuit judge, ''the citizen's right to apply his property to any lawful use is itself property, and is as such as clearly within the constitutional inhibition against assault or spoliation as the property to which it attaches and into which it may be said to enter as an integral part. True, the

right to use one's property in a particular way may be limited by a reasonable police regulation, and its use in violation of such regulation is not a lawful use, and is therefore not a property right; but a regulation like that under consideration here, which does not vest a discretion in any tribunal, board, or officer of the law, but attempts to vest arbitrary and irresponsible power in the owner of every brick or stone building in the city over the property rights of his neighbor, is neither reasonable nor constitutional. No man is or ever should be made judge in his own case, yet this is what the section of the ordinance in question attempts to do. Such legislation, if it could be upheld by the courts, would only be a constant source of trouble and irritation among neighbors. A., the owner of a brick or stone house, could allow B., his favored neighbor, to build a frame house on the lot next adjoining his property on the north, and refuse a like privilege to C., owner of the lot adjoining his property on the south. The right of B. or C. if he have any under the law, cannot be thus made to depend on A's mere whim." This reasoning is sound and convincing. The ordinance complained of is open to every objection made to it. If under any circumstances the city of Louisville could confer on a private citizen any right to interfere with his neighbor in the erection of buildings upon his own property, it cannot be done as here attempted; for the ordinance is intended to confer, and actually does confer, not a discretion to be exercised upon a consideration of the circumstances of each case, but a naked and mandatory power to give or withhold consent at the mere whim or according to the caprice of the custodian of the power. In brief, it is purely an arbitrary power, which acknowledges neither guidance nor restraint,

and the exercise of which might in every instance result in oppression and unjust discrimination. Boyd v. City of Frankfort, 117 Ky. 199, 25 Ky. Law Rep. 1311, 77 S. W. 669, 111 Am. St. Rep. 240.

For these reasons, we do not hesitate to condemn the ordinance as unconstitutional and void. In our opinion the lower court did not err in overruling the demurrer to the petition, nor in granting the writ of mandamus.

Wherefore, the judgment is affirmed.