[Civ. No. 435. First Appellate District.—March 24, 1908.]

## J. R. COON, Respondent, v. BOARD OF PUBLIC WORKS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

LIVERY-STABLE BUSINESS—NUISANCE.—The business of running a livery-stable is not a nuisance *per se*. Whether a stable is a nuisance depends upon the manner in which it is conducted.

ID.—VOID RESTRICTION UPON BUILDING PERMITS—CONSENT OF PROPERTY OWNERS.—A restriction in a municipal ordinance of the city and county of San Francisco upon the granting of permits by the board of public works for the building of livery-stables to cases where the applicant presents ''the written consent of the owners of property within two hundred feet of the stable,'' is unreasonable and void, as vesting in private individuals the arbitrary power to determine whether the owner of real property may use it in the pursuit of a lawful occupation.

ID.—MANDAMUS TO COMPEL PERMIT.—Such restriction being void, *mandamus* will lie at suit of an applicant for a permit for the building

of a one-story livery-stable to accommodate more than six horses, as· provided for in the ordinance, to compel the granting of such per-· mit, if refused ·solely on the ground that the required written con-· sent of property owners was not presented by the applicant.

ID.—GENERAL DEMURRER TO COMPLAINT FOR WRIT—COST OF BUILDING— UNCERTAINTY—AMENABLE DEFECT—REVIEW UPON APPEAL.—When the demurrer to the complaint for the writ of mandate in the court below was general only, and the complaint showed that the· permit for the building was refused solely for want of consent of ·adjoining property owners, but failed to state specifically whether the building was to cost more than $1,000, in which case it would be good under the building ordinance, or less than $1,000, in which case it would be defective, but the record upon appeal shows that it was to cost more than $1,000, the defect in the complaint is one· that ·could have been easily remedied, if it had been pointed out and relied upon in the trial court, and, under the circumstances, the objection to uncertainty in the complaint upon appeal is without merit.

APPEAL from a judgment of the Superior Court of the· City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, for Appellants.

Van Ness & Denman, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment, granting a writ of mandate compelling appellants, as the· board of public works of the city and county of San Francisco, to issue a permit for the construction of a certain one-story frame building in said city and county, to be used as a stable.

Respondent set forth in his complaint, among other pro-· visions of the building law of the city and county of San Francisco, section 320, which reads as follows: "Permits for· public livery and boarding stables, or for ·stables to accommodate more than six (6) horses, will be granted upon the· presentation of the written. consent of the owners of property within two hundred (200) feet of the stable. Buildings for· stabling animals above the first or ground floor, unless fire-proof, shall not be erected nor altered."

It is also alleged in the complaint that respondent filed and submitted to the said board of public works an application in writing for a permit to erect a certain one-story building;.

that said building was to be used as a stable in said city and county to accommodate more than six horses; that said appellants refused to take any action looking to the granting of said permit unless the respondent should present to said board the written consent of the owners of the property within two hundred feet of said stable proposed to be erected. The complaint further shows that respondent refused to comply with this demand of the board, and prays for a writ of mandate that appellants be required to receive and to examine the plans and specifications in the complaint described, and if found to embody all the requirements applicable to such cases, to issue the permit demanded.

Preliminarily, it should be stated that the business of running a livery-stable is not a nuisance *per se.* Whether a stable is a nuisance depends upon the manner in which it is conducted. (*City of St. Louis* v. *Russell,* 116 Mo. 248, [22 S. W. 470]. See, also, Ruffin, C. J., in *Dargan* v. *Waddill,* 9 Ired. (N. C.) 244, [49 Am. Dec. 421]; *Kirkman* v. *Handy,* 11 Humph. (Tenn.) 406, [54 Am. Dec. 45].)

In our judgment, section 320 of the ordinance is unreasonable and void, because it vests in private individuals the arbitrary power to determine whether the owner of real property may use it in the pursuit of a lawful occupation.

In the case of *Ex parte Sing Lee,* 96 Cal. 354, [31 Am. St. Rep. 218, 31 Pac. 245], a similar ordinance passed by the city of Chico was considered, and held unreasonable and invalid. In that ordinance it was provided that no permit should be granted to maintain or carry on the business of a public laundry, unless the applicant should have first obtained the written consent of a majority of the property owners within the block in which it was proposed to carry on the laundry, and also the four blocks immediately surrounding that block. The court said: "The business of conducting a laundry is a lawful occupation, precisely as much so as is that of the carpenter, blacksmith or merchant, and is not of itself, and irrespective of the manner in which it is conducted, offensive or dangerous to the health of those living within its vicinity, and no municipal corporation has the power to make the right of a person to follow this business at any place he may select for that purpose dependent upon the will of any number of citizens or property owners within its limits, as it attempted in the ordinance under review. A town or

city may, when deemed necessary for the public health or safety, adopt reasonable regulations as to the manner in which such a business shall be conducted. . . . But the ordinance which the petitioner here is charged with violating is not of this character, and the restrictions which it imposes upon the right to carry on a public laundry have no tendency to promote the public health, or in any way to secure the public comfort or safety. The sections of the ordinance above quoted bear no kind of relation to such objects, and do not attempt to regulate the business mentioned with the view of accomplishing such ends, but they commit the right to carry on such business at all, in all but two blocks of the town, to the unrestricted will and caprice of a majority of the real property owners within the block upon which it is proposed to establish such laundry, and of the four blocks immediately surrounding such block. Such a condition upon the right of a person to maintain a public laundry is not only an unauthorized interference with the inalienable right of such person to engage in a lawful occupation, but also with the right of the owner of property to devote it to a lawful purpose. The personal liberty of the citizen and his rights of property cannot be thus invaded under the guise of a police regulation.'' The court in the same opinion quotes from the case of *Yick Wo* v. *Hopkins*, 118 U. S. 373, [6 Sup. Ct. Rep. 1070], which involved the validity of an ordinance of the city and county of San Francisco declaring it unlawful for a person to conduct a laundry within the corporate limits without first having obtained the consent of the board of supervisors, except the same be located in a building constructed either of brick or stone. The supreme court of the United States held this provision of the ordinance void, saying in the opinion therein filed: ''It does not prescribe a rule and conditions for the regulation of the use of property for laundry purposes to which all similarly situated may conform. It allows without restriction the use for such purposes of buildings of brick or stone; but as to wooden buildings, constituting nearly all those in previous use, it divides the owners or occupants into two classes, not having respect to their personal character and qualifications for the business, nor the situation and nature and adaptation of the buildings themselves, but merely by an arbitrary line, on one side of which are those who are permitted to pursue their industry by the mere will and con-

sent of the supervisors, and on the other, those from whom this consent is withheld, at their mere will and pleasure. And both classes are alike only in this, that they are tenants at will, under the supervisors, of their means of living.''

The case of *City of St. Louis* v. *Russell,* 116 Mo. 248, [22 S. W. 470], involved the validity of an ordinance of the city of St. Louis, which provided that no livery-stable should be located in any block of ground in St. Louis without the written consent of owners of one-half of the ground of that block; and it was held that the city had no right to delegate to the owners of one-half the ground in any block in which a livery-stable was proposed to be erected the power to say whether it should be done or not, or to require any person desiring to construct such stable, before a building permit would be granted him for its erection, to obtain the consent in writing of the owners of one-half the ground of such block.

The building law of San Francisco provides that when the proposed building is to cost more than $1,000, plans and specifications shall be filed; that when the building is to cost less than $1,000, a written statement of the character of the improvement shall be filed. The averments of the complaint do not show whether the estimated cost of the building was over or under $1,000; but the complaint does aver that the permit was refused solely on the ground that the consent of the adjoining property owners had not been obtained. It is virtually conceded that if the building was to cost more than $1,000 the complaint is sufficient, but it is claimed that as the estimated cost of the building may have been less than $1,000 the complaint is defective. The demurrer was general only, and the defect is one that could easily have been remedied had it been pointed out or relied upon in the trial court. The record indicates quite clearly that the building was to cost in excess of $1,000. The permit was refused, as stated, on the single ground of want of consent of adjoining property owners, and the case was heard and submitted on this theory only. Under these circumstances we think the point is wholly without merit.

The judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 22, 1908.