DAVID DANGEL and EDWARD WITSIL,

*vs.*

ALBERT WILLIAMS, ARTHUR JOHNSON, JAMES KANE, JOHN
McDONOUGH and BURTON S. HEAL, members of the Pub-
lic Building Committee of the Council of Wilmington, and
ELLIS P. PRESTON, Building Inspector of the City of Wil-
mington, and EDWARD F. CONNOR.

*New Castle, Nov. 27, 1916.*

While courts are always reluctant to declare legislation invalid, yet
when the error is clear, the duty to hold the legislative branch of govern-
ment within the clear bounds of its power is imperative.

The reasonableness of an ordinance is a judicial question and review-
able by the court, when enacted pursuant to a general or implied power,
and not passed by virtue of an express grant of power by the Legislature
to the municipality.

The unreasonableness of an ordinance may appear on its face indepen-
dent of its actual operation, and reasonable doubts are to be resolved in
favor of the ordinance.

An ordinance prohibiting the erection of a public garage in the resi-
dence portion of the city without the consent of the owners of adjoining
lands is invalid, as an unreasonable, not uniform, and unwarranted delega-
tion of the power to make building regulations as an exercise of the police
power granted by the city charter, which must be exercised by the legisla-
tive branch and cannot be delegated to any individual.

INJUNCTION BILL. Edward F. Conner, the owner of a lot
of land situate on the westerly side of duPont Street, between
Fourth and Fifth Streets, in the City of Wilmington, applied
to the Building Inspector of the City of Wilmington for a per-
mit to erect on said lot a building for use as a public garage.
Based upon an ordinance of the City of Wilmington in sub-
stance providing that after June 25, 1914, no permit shall be
granted for the erection or alteration of any building intended
for use as a public garage in the residence portion of the city,

within forty feet of the building line of adjoining property owners, without the written consent of such adjoining owners, the Building Inspector refused the application, and Connor thereupon appealed to the Public Building Committee of the Council of Wilmington for an order requiring the Building Inspector to issue the permit. Before any action was taken by the Public Building Committee of Council the complainants, fearing action by them would be taken favorable to the application, filed a bill praying for an injunction to restrain such action.

A restraining order and a rule requiring the defendants to show cause why a preliminary injunction should not be granted were issued, and pending the hearing of the rule a motion was made on behalf of Connor to dissolve the restraining order. While the decision of this motion was pending Connor's solicitor filed a demurrer which questioned the validity of the ordinance above referred to, and the cause was heard on the bill and demurrer. The other facts essential to the decision of the cause are stated in the opinion.

*Wilbur L. Adams,* for the complainants.
*Robert G. Harman,* for the defendant, Edward F. Connor.

THE CHANCELLOR. The bill is filed by two persons owning lots of land on the north side of Fourth Street between duPont and Scott Streets against the members of the Public Building Committee of The Council of Wilmington, the Building Inspector and Edward F. Connor, the owner of a lot of land situate in the City of Wilmington on the west side of duPont Street between Fourth and Fifth Streets, and adjoining the lots of the complainants.

It is alleged that the lots of both the complainants and defendant, Connor, are within the residential section, or residence portion of the city, and that the defendant, Connor, has applied for a permit to erect on his lot a building to be used as a public garage; that it will be located within forty feet of the building line of the lots of the complainants; and that the consent of the complainants in writing, or otherwise, has not been obtained. An ordinance passed by the City Council on June 25, 1914, provides *inter alia,* as follows:

"Section 1.    That no permit shall hereafter be granted for the erection or alteration of any building intended for use as a public garage in the residence portion of the City of Wilmington within forty feet of the building line of any and all adjoining property owners, unless the written consent of all such adjoining owners has been filed with the Building Inspector."

Fearing that the permit will be granted contrary to the ordinance, the complainants ask for an injunction to restrain such action.    There are other allegations as to official irregularities which it is not necessary to state or consider in view of certain conclusions as to the validity of the ordinance above quoted.

At a hearing of a rule to show cause why a preliminary injunction should not be issued, testimony was heard as to whether the lands in question were located in the residence section of the city.    Pending a decision of the question the defendant, Connor, demurred generally to the bill for want of equity, and in the argument attacked the validity of the ordinance, as unreasonable, discriminatory and unwarranted by law.    Inasmuch as the complainants claim protection under the ordinance and assert that as their lands are located in the residence portion of the city the garage cannot be built within forty feet of their lots without their consent according to the ordinance, it follows that they have no right to relief if the ordinance be invalid.

Courts are always reluctant to declare invalid legislation. When, however, the error is clear, the duty to hold the legislative branch of government within the clear bounds of its power is imperative.

The reasonableness of an ordinance is a judicial question. An ordinace is reviewable by the court when it is enacted pursuant to a general power, or under implied power; but not where the power is given to the municipality by the Legislature to enact an ordinance of a special kind.    As was well said in *Lane v. Concord*, 70 *N. H.* 485, 488, 49 *Atl.* 687, 688 (85 *Am. St. Rep.* 643):

"It is elementary that ordinances, other than those passed by virtue of an express grant or power, must be reasonable and not oppressive."

The unreasonableness of an ordinance may appear on its face, independent of its actual operation. All reasonable doubts as to the reasonableness of an ordinance are to be resolved in favor of the ordinance. 2 *Dillon on Municipal Corporations* (*5th Ed.*) § 591. The principles of law applicable in testing the ordinance in question are well established and sound in principle. The power to legislate conferred on one governmental body cannot be delegated by it, the legal maxim being "*delegatus non potest delegari.*" *Rice v. Foster*, 4 *Harr.* 479. By the charter the power to legislate in relation to buildings and to make building regulations is committed to the Council, the legislative body of the City of Wilmington. That legislative body has by ordinance given to each owner of land in the residence portion of the city a right to decide whether public garages shall be erected in that section within forty feet of his land. By the overwhelming weight of authority, with scarcely any decisions to the contrary, such legislation is invalid. Is it a fundamental right of government to restrict for the public good the use of private property by the individual owning it, and this is included in the term police power, the exercise of which is seen in regulations of the construction of buildings for the safety of the public and the prohibition against certain kinds of business to preserve the public health. But all regulations must be reasonable, general and uniform, and the power must be exercised by the legislative body directly and not be delegated to any individual. Therefore, an ordinance which prohibits the erection of a public garage in the residence portion of the city without the consent of the owners of adjoining lands is unreasonable, is not uniform and is a delegation of power to the adjoining owners of power which can be exercised only by the duly constituted legislative body. By it an owner of land may be restricted in a proper use of his land for a particular purpose by his failure to obtain the consent of his neighbor, either because of the arbitrary will or caprice of his neighbor, or because he is inaccessible, or hostile, or for any reason indifferent. The adjoining owner and not the Council makes the ordinance effective. The liberty to erect the garage is granted or withheld not by the city, or any of its

officers, but by some one or more of the owners of property adjoining the land on which the garage is to be erected. This is unreasonable and an unwarranted delegation of legislative power.

Similar ordinances have been held invalid as delegations of legislative power and as being unreasonable in the following cases: A city ordinance requiring consent of owners of one-half of the ground in a block where a livery stable is to be built was declared invalid as a delegation of legislative power in the leading case of *St. Louis v. Russell*, 116 *Mo.* 248, 22 *S. W.* 470, 20 *L. R. A.* 721. An ordinance forbidding the operation of a slaughter house within three hundred feet of a dwelling was declared invalid for the same reason in the case of *St. Louis v. Howard*, 119 *Mo.* 41, 24 *S. W.* 770, 41 *Am. St. Rep.* 630. To like effect is *Hays v. City of Poplar Bluffs*, (1915) 263 *Mo.* 516, 173 *S. W.* 676, *L. R. A.* 1915D, 595. In a case in California, *Ex parte Sing Lee*, 96 *Cal.* 354, 359, 31 *Pac.* 245, 247, 24 *L. R. A.* 195, 31 *Am. St. Rep.* 218, an ordinance requiring consent of adjoining owners to a public laundry was declared to be an unreasonable and unwarranted interference with the right to use property, the court saying:

"It is very clear to us that the right of an owner to use his property in the prosecution of a lawful business, and one that is recognized as necessary in all civilized communities, cannot be thus made to rest upon the caprice of a majority, or any number, of those owning property surrounding that which he desires to use."

In *Tilford v. Belknap*, 126 *Ky.* 244, 103 *S. W.* 289, 11 *L. R. A.* (*N. S.*) 708, the court said of such an ordinance:

"The ordinance involved  *  *  *  is both unreasonable and discriminatory, for it attempts to confer upon a private citizen  *  *  * power of the most arbitrary character over the property of his neighbors within a radius of sixty feet of his own house.  *  *  * The ordinance is intended to confer, and actually does confer, not a discretion to be exercised upon a consideration of the circumstances of each case, but a naked and mandatory power to give or withhold consent at the mere whim or according to the caprice of the custodian of the power.  *  *  *, which acknowledges neither guidance nor restraint, and the exercise of which might in every instance result in oppression and unjust discrimination. * * *

For these reasons, we do not hesitate to condemn the ordinance as unconstitutional and void."

To like effect is the case of *State v. Withnell*, (1907) 78 *Neb.* 33, 110 *N. W.* 680, 8 *L. R. A.* (*N. S.*) 978, 126 *Am. St. Rep.* 586, where the ordinance making consent of adjoining land owners a prerequisite to the granting of a permit for a building for a particular business was declared invalid as unreasonable and a delegation of legislative power to the adjoining owner, for the use of property for a proper purpose was made dependent on the caprice, or malice, or favoritism, or ignroance of adjoining owners who may be inaccessible or non-residents, and whose mere inaction is effective. Also, *Coon v. Board of Public Works*, (1908) 7 *Cal. App.* 760, 95 *Pac.* 913; *In re Quong Woo* (*The Laundry Case*), 13 *Fed.* (*C. C.*) 229, 7 *Sawy.* 528.

The complainant urges that the ordinance is not a delegation of legislative power, but is an enactment by Council of a prohibition of public garages in the residence portion of the city, and that it enables the adjoining owners to waive their rights to enforce the ordinance so as to permit the erection of a garage within forty feet of their land. This reasoning is sophistical. The granting of the permit is dependent on such consent, so that whether in a particular case there is any prohibitory ordinance depends on the will of such adjoining owners. The only decisions cited on this point by the complainants, which are pertinent, are three cases in Illinois. *Chicago v. Stratton*, 162 *Ill.* 494, 44 *N. E.* 853, 35 *L. R. A.* 84, 53 *Am. St. Rep.* 325, *People v. Ericsson*, 263 *Ill.* 368, 105 *N. E.* 315, *L. R. A.* 1915D, 607, *Ann. Cas.* 1915C, 183, and *People v. Village of Oak Park*, 266 *Ill.* 365, 107 *N. E.* 636, the last two cases following the first named case,

In *Chicago v. Stratton, supra*, it was by ordinance made unlawful to build a livery stable in any block in which two-thirds of the buildings were residences, unless the owners of a majority of the lots in the block consent. This was upheld as being a prohibition of stables within the residence sections, which prohibition being for the benefit of the adjoining owners could be waived by them. The court considered that this

did not constitute a delegation of power. It seems to me however, that the court concedes too much when it said this:

"The operation of the ordinance is made to depend upon the fact of the consent of a majority of the lot owners, but the ordinance is complete in itself as passed."

The court also cites the local option laws as like instances of laws which depend for their adoption or enforcement on the votes of some portion of the people, and says they are not regarded as delegations of legislative power. As pointed out by the solicitor for the defendant, this is not a happy reference, for in Delaware the local option laws were distinctly held to be such delegations of legislative power by the Court of Errors and Appeals in *Rice v. Foster*, 4 *Harr.* 479. It seems, therefore, that *Chicago v. Stratton* presents reasons which would not be acceptable in Delaware.

In the case of *State v. Withnell*, *supra*, the court said they could not reconcile the decision in *Chicago v. Stratton* with other cases in Illinois. The case of *People v. Ericsson*, 263 *Ill.* 368, 105 *N. E.* 315, *L. R. A.* 1915D, 607, *Ann. Cas.* 1915C,183, was decided on this point solely upon the authority of *Chicago v. Stratton*, and this is also true of *People v. Village of Oak Park.*

The case of *State v. Beattie*, 16 *Mo. App.* 131, is expressly overruled by the late case of *St. Louis v. Russell*, *supra*. In the case of *Rochester v. West*, 164 *N. Y.* 510, 58 *N. E.* 673, 53 *L. R. A.* 548, 79 *Am. St. Rep.* 659, there was no delegation of power to the adjoining land owners for the ordinance was directed against the erection of bill boards over a certain height without permission of the Common Council, and provided that the application should not be considered unless notice had been given to the adjoining owners, or unless such owners had consented. The consent of such owners was not a prerequisite to either a consideration of the application, or the granting of it, but by the ordinance they were given an opportunity to object. In this respect the case is different from the ordinance of the City of Wilmington.

Some of the other cases cited by the defendant were those which held invalid ordinances conferring discretionary power

on an administrative officer or board to grant or withhold permission to carry on a trade or business. But it is not at all settled that such ordinances are invalid when enacted respecting matters subject to regulation within the police power. Indeed, these cases are not applicable directly to the ordinance under consideration, where the consent to be obtained is not that of any official, but of the adjoining owners.

It is also urged that the ordinance is invalid because it relates only to public garages erected after the passage of the ordinance and not to all public garages, whether erected before or after the legislation in question, and in this way shows the fault of discrimination. But it is not necessary to so decide in this case, for the ordinance is clearly objectionable for other reasons herein stated. For the same reason no opinion need be expressed as to whether the complainants before seeking aid of this court should have pursued some remedy provided in the ordinance for a review of the action of the Building Inspector. There are also other objections to the validity of the ordinance relating to the manner of its enactment, but it is not necessary to consider them.

The case of *Rice v. Foster*, 4 *Harr*. 479, though not directly in point, does support the view here taken. By the Act of 1847 the people of each county were authorized to decide by ballot whether or not the retailing of intoxicating liquors shall be permitted therein, and it was declared unconstitutional as a delegation of legislative power. In support of the Act it was urged that it was conditional legislation. It was held, however, not to be a good condition, Harrington, Justice, saying on page 500:

"But a law declaring an offence, or providing a punishment or repealing an existing law, on condition that the Governor, or any other individual, shall assent to it, is as plainly unconstitutional. It is the naked veto power. It substitutes for, or rather adds to, the legislative will, another will which it makes necessary to the existence of the law. This is unconstitutional."

And in another place, page 502, the same learned judge thus defines a valid legislative enactment:

"I have said that law is a rule of conduct, prescribed by legislative power, commanding what is right, or prohibiting what is wrong. This is the exact definition given by the highest authorities. It is a rule—a certain, positive and known principle of action; a rule prescribed—fixed upon, defined, ordered and made known; a rule prescribed by legislative power—by that depository of sovereignty, or branch of government, whose province it is to make law. No other can prescribe a rule of conduct for the citizen, or announce a will that the citizen is bound to obey. Law is never, in this sense, contingent; it is never subject to the discretion of those whose conduct it is designed to govern. It is a command; not counsel merely, or advice; it prohibits, and does not persuade. It extends its iron sway over the unwilling as well as the willing, and never asks the consent or ratification of any other than the creative power."

The whole ordinance is rendered invalid by the fault above pointed out. It cannot be held valid as a general prohibition against the erection within the residence portion of the city of a building to be used as a public garage, for such was not the legislative intention, it being clear that the power given to the adjoining owners was an important and probably controlling feature of the ordinance without which the ordinance would not have been enacted. It being clear, then, that the ordinance in question is invalid for the reasons stated, the complaniants cannot by reason of anything contained in the ordinance object to the granting of the permit for the erection of the garage by the defendant, Connor, on his land, whether it be in the residence portion of the city, or not.

The demurrer to the bill for want of equity must, therefore, be sustained.