MARY E. MYERS, F. C. WILLS and JAMES P. JACOBS,

*vs.*

AGOSTINO FORTUNATO.

*New Castle,. Oct.* 10, 1919.

Ordinance of the city of Wilmington declaring no permit shall be granted by the building inspector for the erection of a public garage in the residential portion of the city within 40 feet of adjoining land without the consent of the owners of such land is invalid.

INJUNCTION BILL.    The bill seeks an injunction to restrain the erection of garages by the defendant on his land adjoining that of the complainants.   A demurrer to the bill was filed on behalf of the defendant, and the cause heard on bill and demurrer. The facts are sufficiently stated in the opinion.

*Robert G. Harman*, for complainants.

*Daniel O. Hastings*, for defendant.

THE CHANCELLOR.    The bill asks that the defendant be enjoined from erecting a public garage on his land which adjoins that of the complainants, and the basis of the right claimed is that the complainants had not consented thereto.   An ordinance of

the City of Wilmington declares that no permit shall be granted by the Building Inspector for the erection of a public garage in the residential portion of the city within 40 feet of the adjoining land, without the consent of the owners thereof.

By the demurrer to the bill the questions raised are the same as those raised in the case of *Dangel v. Williams,* 11 Del. Ch. 213, 99 *Atl.* 84, and there considered and decided by me. After reviewing my opinion and considering the authorities submitted by the solicitor for the complainants, I find no reason to change any of the views expressed in the opinion filed in that case. I did not find, as the solicitor for the complainant did, "a wilderness of cases" bearing on the validity of an ordinance granting to private persons the power to make an ordinance effective, though there may be many conflicting decisions as to the validity of an ordinance which confers upon an administrative official, or official board, power to grant or withhold permission for the carrying on of a particular trade or business. This latter question, and not the former one, is discussed in 11 *Dillon on Municipal Corporations,* (5th Ed.) § 598, p. 934. The distinction between the two questions is clear and has not been borne in mind by the solicitor for the complainant, for the cases cited by him, such as *Fischer v. St. Louis,* 194 U. S. 361, 24 *Sup. Ct.* 673, 48 *L. Ed.* 1018, and others, were of the latter class. As Mr. Dillon says, some of the courts which have sustained ordinances of the latter kind do so because it cannot be assumed that the official will act arbitrarily or otherwise than in the exercise of a sound discretion. But it seems to me clear that private persons to whom as owners of land is given the power to control the use by the owners of adjoining land of their property, are presumably governed by self interest, and are more apt than an official to be arbitrary and unjust when their own interests are affected. Obviously, then, decisions which uphold the validity of an ordinance giving to a single official arbitrary power to make effective an ordinance do not apply to legislation which gives such power to private persons, when control is thereby given them over the use of land of other private persons.

One decision rendered since the opinion was filed in *Dangel v. Williams, supra,* has been cited to uphold the ordinance, viz.,

*Cusack Co. v. City of Chicago*, 242 *U. S.* 526, 37 *Sup. Ct.* 190, 61 *L. Ed.* 472, *L. R. A.* 1918A, 136, *Ann. Cas.* 1917C; 594. There an ordinance prohibiting the erection of bill boards in residence sections of the city of Chicago without first obtaining the consent of the majority of the owners of land on both sides of the street in the block was held valid. The court pointed out that as that ordinance had been declared valid by the Supreme Court of Illinois, it must be so considered by the Supreme Court of the United States unless the record shows it to be clearly unreasonable and arbitrary. The opinion then considers this feature, which is different from the question as to a delegation of legislative power. Notwithstanding this, the opinion in the Supreme Court of the United States, at the end thereof, discussed the question of the delegation of legislative power, and undertook unsuccessfully, it seems to me, to distinguish the ordinance before it from that considered in *Eubank v. Richmond*, 226 *U. S.* 137, 42 *L. R. A.* (*N. S.*)1123, *Ann. Cas.* 1914B, 192. In the latter case the Court pointed out that the vice of such legislation is the control of the property of one person by other owners of property exercised under the ordinance, and expressed the true principle thus:

"We are testing the ordinance by its extreme possibilities to show how in its tendency and instances it enables the convenience or purpose of one set of property owners to control the property right of others, and property determined, as the case may be, for business or residence—even, it may be, the kind of business or character of residence. *One* person having a two-thirds ownership of a block may have that power against a *number* having a less collective ownership. If it be said that in the instant case there is no such condition presented, we answer that there is control of the property of the plaintiff in error by other owners of property exercised under the ordinance. This, as we have said, is the vice of the ordiannce, and makes it, we think, an unreasonable exercise of the police power."

This vice exists as clearly in the one as in the other of the ordinances considered by the Supreme Court of the United States, and the distinction which the Court drew in the latest case does not seem reasonable. The two decisions are conflicting, and I find the earlier one more convincing. As the same vice appears in the ordinance of the City of Wilmington, I must, for that

reason, hold to the view heretofore expressed, and declare again that the ordinance is invalid.

The demurrer to the bill will be sustained.

NOTE. After filling the foregoing opinion the solicitor for the complainants stated his intention to proceed no further in this case and requested the entry of a decree dismissing the bill, in order that an appeal could be taken. The Supreme Court reversed the decree in an opinion reported *post p.*374.