34 So.2d 606

**THOMPSON v. WINGARD.**

5 Div. 441.

Supreme Court of Alabama.

March 25, 1948.

J. B. Atkinson, of Clanton, and Richard T. Rives, of Montgomery, for appellant.

Grady Reynolds and Reynolds & Reynolds, all of Clanton, for appellee.

LIVINGSTON, Justice.

The appellant, Hugh F. Thompson, petitioned the Circuit Court of Chilton County, Alabama, for a writ of mandamus directed to appellee, Bernice C. Wingard, as clerk of the city of Clanton, to require her to issue to him a license of the city to operate a sawmill on his property described in the petition, and located in Clanton.

Appellee's answer, controverted and denied by appellant, predicated her refusal to issue the license on two ordinances of the city of Clanton. The one, purporting to have been adopted on August 6, 1929; and the other, purporting to have been adopted on February 19, 1946. For con-venience we will refer to them as the ordinance of 1929 and the ordinance of 1946.

On the issue presented by the controverted answer, the testimony was taken orally before the trial court and, in addition, the court viewed the proposed location of the sawmill site. The trial court entered a judgment refusing the writ, and from that judgment this appeal is prosecuted.

The pertinent provisions of the 1929 ordinance are:

"Sec. 3. That it shall be unlawful for any person, firm, association or corporation to install any steam engine, gas engine, oil engine or any other engine or any boiler by whatsoever name called or any machinery of any nature whatsoever in any building or upon any property in the Town of Clanton, Alabama, unless such person, firm, association or corporation or their agent shall first obtain a written permit to do so from the Mayor and Building Committee of the Town Council of the Town of Clanton, Alabama."

"Sec. 6. That the Mayor and Building Committee of the town of Clanton, Alabama, shall issue a permit when application is made under either of the preceding sections, provided the changes, repairs or building sought to be changed, repaired or built shall meet with the approval of the said Mayor and Building Committee of the Town of Clanton, Alabama."

■ Notwithstanding express power to enact may exist, any ordinance placing restrictions upon common rights, lawful conduct, or the lawful use of property, must, in order to be valid, specify the rules and conditions to be observed in such conduct or business, and must admit of the exercise of the privilege by all citizens alike, who will comply with such rules and conditions, and must not admit of the exercise, or of the opportunity for the exercise, of any arbitrary discrimination by municipal authorities between citizens who will comply.

■ Clear enough, the 1929 ordinance is calculated to enable the mayor and building committee to arbitrarily control the businesses or occupations set out in sec-

392

tion 3 of the ordinance. We cannot regard it as a legitimate exercise of the power conferred by law. City Council of Montgomery v. West, 149 Ala. 311, 42 So. 1000, 9 L.R.A.,N.S., 659, 123 Am.St.Rep. 33, 13 Ann.Cas. 651.

On the record before us, the ordinance of 1946, the zoning ordinance, was never legally adopted. Undoubtedly, the ordinance was intended to be of permanent operation. Section 456, Title 37, Code 1940, provides that no ordinance intended to be of permanent operation shall be adopted by the council at the same meeting at which it is introduced, unless the unanimous consent of those present is given for the immediate consideration of such ordinance, such consent to be shown by a vote taken by yeas and nays, and the names of the members voting to be entered upon the minutes. The provisions of this section are mandatory. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874. The record convinces us that the ordinance of 1946, the zoning ordinance, was never introduced before February 15, 1946, the date on which it was passed. The minutes of that meeting fail to disclose that the unanimous consent of the council members present was given for its immediate consideration by a vote taken by yeas and nays. Cooper v. Town of Valley Head, supra.

Although the testimony was taken orally before the trial court, there was no evidence upon which to sustain the validity of the zoning ordinance of 1946.

Appellee in brief insists that the refusal of the trial court to grant the writ of mandamus should be here affirmed, because the operation of the sawmill would constitute a nuisance in the particular location. Although the record contains some evidence to that effect, it is clear enough that the cause was tried in the lower court on no such theory. It would be manifestly. unjust to appellant to preclude him on such an issue without an opportunity to fully develope his side of the case. And we are not to be understood as expressing to any

degree our view of the evidence in that regard.

Reversed and remanded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.