60 So.2d 849

**LEE v. RENFRO et al.**

5 Div. 539.

Supreme Court of Alabama.

Oct. 9, 1952.

J. A. Walker, Jacob Walker, Jr., Walker & Walker and O. P. Lee, all of Opelika, for appellant.

680

Glenn & Glenn, Opelika, for appellees.

**SIMPSON, Justice.**

Appellant is the owner and operator of a barber shop in the City of Opelika and has been engaged in such business for a number of years. On January 3, 1952, he secured from the proper city authorities a license to conduct his barber business for the current year and paid the prescribed license fee. This license by its terms will expire December 31, 1952.

On April 9, 1952, the chief of police of the City of Opelika informed appellant that his license had been revoked and that appellant must cease and desist from further operation of his barber business. The chief of police acted pursuant to instructions from the City Commission which had, on April 8, 1952, passed a resolution

"that the Board of Commissioners revoke the Barber Shop License of Curtis Lee."

It appears from the record that the Commissioners' action was based upon Section 1 of the license or privilege tax ordinance of the City, which provided:

"All licenses, permits or other grants to carry on any business, trade, vocation or profession for which a charge is made by the City shall be subjected to revocation in the discretion of the City Commission, with or without notice to the licensee."

Thereafter appellant was cited for operating his business without a license and gave bond for his appearance in court to answer the charge. He then applied to the City Commission for reinstatement of the license, reinstatement was denied, and he instituted this proceeding in the circuit court to restrain the enforcement of the order of revocation or for other appropriate order. From a decree denying a temporary injunction, he has appealed here for relief.

■ As we view the matter, a constitutional principle is involved which is determinative of the case. Section 1 aforesaid of the license schedule ordinance, in our opinion, is void in that it is violative of the equal protection clauses of the federal and state constitutions in failing to prescribe a standard to be followed in arriving at a decision in the matter of revocation of licenses. On the contrary, it leaves the matter to the uncontrolled and arbitrary discretion of the city governing body.

Able counsel in their briefs have cited us to authorities which, to say the least, give considerable latitude for academic argument on the question, and the editors of American Jurisprudence, in writing to the matter of rules relative to the range of discretion of administrative officers and the standards to be employed in the exercise of such official conduct, aptly observed, "It is not possible to reconcile all the cases applying to these rules." 42 Am.Jur. 345. But the authorities generally seem to denounce such licenses as invalid in fixing no standard to govern official action. Most of the authorities have been collected in

the annotations to the reported cases in 12 A.L.R. 1436, 54 A.L.R. 1104, and 92 A.L.R. 400.

The license in the instant case was issued to appellant to conduct a lawful business and the City, by the terms of the "License Schedule Ordinance," was not attempting to regulate a business, but was setting out the schedule of fees or license taxes to be paid by operating businesses for the purpose of raising revenue for the municipality. So viewed, we think the language employed in City Council of Montgomery v. West, 149 Ala. 311, 42 So. 1000, 9 L.R.A.,N.S., 659, 123 Am.St.Rep. 33, 13 Ann.Cas. 651, is much in point:

"* * * municipal ordinances, placing restrictions upon lawful conduct, or the lawful use of property, must, in order to be valid, specify the rules and conditions to be observed in such conduct of business; and must admit of the exercise of the privilege by all citizens alike who will comply with such rules and conditions; and must not admit of the exercise, or of an opportunity for the exercise, of any arbitrary discrimination by the municipal authorities between citizens who will so comply."

See also Thompson v. Wingard, 250 Ala. 390, 34 So.2d 606; Longshore v. City of Montgomery, 22 Ala.App. 620, 119 So. 599.

Pertinent also is the statement in 38 American Jurisprudence, § 374, p. 62:

"* * * When a license is required of those engaging in some lawful, useful, and harmless occupation merely as a means of collecting a tax thereon, the license cannot be summarily revoked during the period for which it was granted. If the business is carried on in such a way as to constitute a nuisance and the public authorities wish to suppress it, their only remedy is to institute judicial proceedings against the proprietor with that end in view."

■ Our holding is not to import that the conduct of a barber business or other business may not be the subject of municipal regulation to protect the health and

general welfare of the public, pursuant to the police power of the municipality, as was the status of the ordinance in the case of Whittle v. Nesmith, 255 Ala. 193, 51 So. 2d 6, regulating taxicabs in the City of Cullman. But the ordinance in question is not such a one, but is a typical revenue raising regulation. The principle is recognized that when an occupation is of such character that a municipal corporation under a general grant of power is authorized to regulate it in the interests of the public health, morals, safety or welfare, power may be vested in the municipality to revoke such a license with or without notice when in the opinion of the governing authorities the public interests require. But the principle seems not to be applicable to a license levied merely for the purpose of raising revenue unless standards are set forth to govern action and opportunity afforded for a hearing. 38 Am.Jur. 62, notes 11 and 12.

We think the following texts to be sound:

"* * * Ordinances granting an arbitrary discretion to revoke at pleasure, at least in the case of harmless businesses, are frequently regarded as invalid.

* * * * * *

"It has frequently been held that a municipality cannot, by ordinance, vest in municipal administrative officials an arbitrary discretion to revoke licenses which have been granted to and required of ordinary lawful businesses and occupations, and cannot validly authorize a power of revocation in such officials without setting forth some definite standard by which their course of action may be pursued. * * *" 38 Am.Jur. 63, §§ 374, 375.

Of this latter class of ordinances is the one in question.

The following observation by Chief Justice Russell of the Supreme Court of Georgia in the case of Brown v. City of Thomasville, 156 Ga. 260, 118 S.E. 854, 858, is also applicable to the case in hand:

"* * * we think that the case at bar stands upon the general principle that a lawful business which per se is useful and recognized as being a fit object for taxation for the purpose of raising revenue cannot be discriminated against and the owner thereof refused the right to do business capriciously or arbitrarily; and we are further of the opinion that the refusal to grant one a license to engage in a useful and lawful business after payment of the license fees required by law has been tendered, merely upon the ground that a law has been violated at his place of business, must be deemed to be both capricious and arbitrary; and, when it appears that the result of such arbitrary action will impose irreparable loss upon the owner of the property, who files a proper petition for relief against prosecutions for doing business without a license, although payment of the license fee has been tendered, an injunction should be granted. *The case would be different were the license imposed solely for the purpose of police regulation. But it is plain in this case that the license fees prescribed are imposed solely for the purpose of raising revenue. * * *"* (Emphasis supplied.)

The evidence before the circuit court on which appellee rested the revocation of the license dealt largely with matters entirely foreign to the conduct of the barber business of appellant and related to matters tending to show his bad moral character over a period of some ten years; that he had been arrested and convicted of various misdemeanors, principally for violating the laws regulating intoxicating liquors, which were in no way connected with his barber business. The revocation seems not to have been based upon any lack of competency of the barbers in the shop or a failure to maintain a sanitary place of business. The Brown case, supra, is persuasive to the point that the license, having been granted after payment of the required fee (the only requirement), was not subject to revocation. If the place of business constituted a nuisance offensive to the City, appropriate proceedings to abate the same were open to the City.

Appellee contends that appellant accepted the license subject to the terms of said Section 1, empowering the City to revoke the same in its discretion, and that he is thereby estopped to challenge the validity of the action of the Board of Commissioners. We do not regard the argument as tenable. Although an occupational or business license is said to be a mere privilege, it is such a privilege that must be granted to all persons who comply with the requirements of the ordinance, and when it is one seeking to raise revenue merely and no standards are set out to govern official action, the licensing authority would be just as unauthorized to require a constitutional right be waived by one seeking a license to conduct such lawful business as it would be to revoke a license after once issued. The licensing authority as a condition to issuing a license may not exact from the licensee a waiver of the exercise of a constitutional right. When attempted the grant stands without condition. Terral v. Burke Construction Co., 257 U.S. 529, 42 S.CT. 188, 66 L.Ed. 352, 21 A.L.R. 186; Frost & Frost Trucking Co. v. Railroad Commission, 271 U.S. 583, 46 S.Ct. 605, 70 L.Ed. 1101, 47 A.L.R. 457.

We are at the conclusion that the decree of the trial court was laid in error and that one should be here rendered requiring the issuance of the temporary writ prayed for. So ordered.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.