[City Council of Montgomery v. West.]

# City Council of Montgomery v. West.

### Violating City Ordinance.

(Decided Jan. 23, 1907.   42 So. Rep. 1000.)

*Municipal Corporations; Ordinances.*—An ordinance forbidding the operation of steam engines, planing mills, foundries, blacksmith shops, etc., within the city limits, without first obtaining the consent of the Council, is invalid, in that it fails to prescribe a uniform rule of action but reserves to the Council the right to grant or withhold the privilege arbitrarily.

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.

John West was prosecuted for violating an ordinance of the city of Montgomery. From an order of the city court sustaining a demurrer to the complaint, the city appeals.   Affirmed.

C. P. McINTYRE, and HILL, HILL & WHITING, for appellant.—The ordinance was within the power granted by the city charter.—Secs. 2, 3, 6, 7, 12 and 39, Charter of City of Montgomery. .Things that are not nuisances per se may become so by reason of the manner and character of the use of a place where conducted.—*Kinney v. Kooperman,* 37 L. R. A., 497; *Grossman v. City of Oakland,* 36 L. R. A. 393 and note.   The city had the right to prohibit under the charter, and if so, they had a right to regulate—*St. Louis v. Fisher,* 167 Mo. 654; *Quincy v. Kennard,* 151 Mass. 563.   The fact that the ordinance provided that a permit must be obtained from the city council does not make it invalid.—*St. Louis v. Fisher, supra; Wilson v. Eureka,* 173 U. S. 32; *In re Flaherty,* 27 L. R. A. 529; *Ex parte Fisk,* 72 Cal. 123; *Olympia v. Mam,* 12 L. R. A. 150.   The court will presume that the municipality will act impartially in granting permits.—*St. Louis v. Fisher, supra; In re Flaherty, supra; State ex rel. etc. v. Mead,* 71 Mo. 272; *St. Louis*

*v. Howard,* 119 Mo. 47. The city has power to pass an ordinance to prevent the erection of steam boilers without permit.—*Wadleigh v. Gillhan,* 12 Me. 403; City Charter.

STEINER, CRUM & WEIL, for appellee.—One of the primary and fundamental principles, by which municipal ordinances will be measured, according to the great weight of authority, is that, notwithstanding express power to enact, may exist, *any* ordinance placing restrictions upon *"common rights," "lawful conduct,"* or the *"lawful use of property,"* must, in order to be valid, *"specify the rules and conditions to be observed in such conduct or business, and must admit to the exercise of the privilege, of all citizens alike, who will comply with such rules and conditions, and must not admit of the exercise, or of the opportunity for the exercise, of any arbitrary discrimination by municipal authorities, between citizens who will so comply,"* and whether or not an ordiance does conform to this principle, is, of course, always a question for the determination of the courts.— *City of Richmond v. Dudley,* (Ind.), 28 Am. St .Rep., 180 and note; *State v. Tenant* (N. C.), 28 Am. St. Rep. 715; *Noel v. People,* (Ill.), 79 Am. St. Rep. 238; *State v. DuBarry,* 44 La. Ann., 1117 (11 So. Rep. 718) ; *Matter of Frazee* (Mich.), 6 Am. St. Rep. 310; *Plymouth v. Schulties,* 135 Ind. 139; *State v. Deffes,* 45 La. 658 (12 So. Rep. 841) ; *Mayor, et al. v. Radecke* (Md), 33 Am. Rep. 239; *Bills v. City of Goshen,* 117 Ind. 221; *City of Newton v. Belger,* 143 Mass. 598; *State v. Mahner,* 43 La. 496 (9 So. Rep. 480) ; *City of St. Paul v. Laidler* (Minn.), 72 Am. Dec. 89) ; *Rochester v West* (N. Y.), 79 Am. St. Rep. 659; *Town of Greensboro v. Ehrenreich,* 80 Ala. 579; *Yick Wo v. Hopkins, etc.,* 118 U. S. 356, (30 L. Ed.) ; *Barthet v. City of New Orleans,* 24 Fed. Rep. 563; *1st Smiths Mod. Law of Municipal Corporations,* (1903), Secs. 526-7 and 530; McQuillan on Municipal Ordinances, ss. 432, 438 and 184; Freud on Police Power, ss. 611 and 641, 643, 644; Cooley's Constitutional Limitations, pps. 270-78-80-91; *State of La. v. Robertson* (La.), 20 L. R. A. 691; *Crawford v. City of*

*Topeka* (Kan.), 20 L. R. A. 692; *City of Janesville v. Carpenter* (Wis.), 8 L. R. A. 808.

Language better calculated to enable the Council to arbitrarily control the business or occupations mentioned in this ordinance, without reference to any fixed or known rules, cannot be well imagined. *Any* rule which *admits* of an invidious discrimination will be conducive to oppression and fraught with wrong and injury.

HARALSON, J.—Section 295, for the alleged violation of which, the defendant was arrested, tried by the recorder of the city, and fined, the validity of which ordinance, on appeal from the city court, we are to consider, reads: "No person shall set up or operate a steam engine, a plaining mill or planing machine, foundry, blacksmith shop, cotton gin, bakery, an establishment for boiling soap, or any similar establishment within the city, without first obtaining the consent of the council,"—providing a penalty for any one violating the ordinance.

Defendant assails the validity of the ordinance, on the ground, that it does not prescribe "a general, uni form rule, condition or regulation, to which all citizens, similarly situated, may conform, "but reserves to the city council the right to grant or withhold the privilege, as may suit its pleasure, and admits of the opportunity for the exercise of an arbitrary discrimination, and because it is contrary to the fourteenth amendment of the Constitution of the United States.

The ground on which the municipality seeks to uphold the ordinance, is,— quoting from brief of its counsel,—that section 2 of the charter, prescribes that the "city council may do and perform any other acts incident to bodies corporate." Section 6: "The city has power to suppress all nuisances in the manner directed by the city council at the expense of the person causing the same or upon whose premises the said nuisance is found, on public or private property."

The last of these,—the sixth,—seems to be the only one which approaches the delegated power under which the ordinance in question can rest. Certainly, it cannot rest in said section 2.

"It is the policy of the law to require municipal cor-. porations to act strictly within their delegated powers, and no power can be exercised when it is not clearly comprehended within the words of the act conferring it, or derived therefrom by necessary implication."—*Norris v. Town of Oakman,* 138 Ala. 415, 35 South. 450; *Decatur v. Berry,* 90 Ala. 433, 7 South. 838, 24 Am. St. Rep. 827; 1 Dillon on M. Corp. § 89; 15 Am. & Eng. Ency. Law (1st Ed.), 1041.

"A stationary steam engine is not of itself a nuisance, even if erected and used in the midst of a populous city, unless it interferes with the safety or convenience of the public in the use of the streets."—*Mayor v. Radecke,* 49 Md. 217, 33 Am. Rep. 239.

In Smith on the Modern Law of Municipal Corporations, § 526, in defining conditions to be considered in determining the validity of an ordinance, it is laid down, that the ordinance "must be impartial and general in its operation. So far as it restricts the absolute dominion of the owner over its property, it should furnish a uniform rule of action, and its application cannot be left to the arbitrary will of the governing authorities." The citations to support the text, are very numerous. Again, the same author in section 530, observes: "Ordinances which invest a city council, or a board of trustees, or officers, with a discretion which is purely arbitrary, and which may be exercised in the interest of a favored few, are unreasonable and invalid."

In *City of Richmond v. Dudley,* 129 Ind. 112, 28 N. E. 312, 13 L. R. A. 587, 28 Am. St. Rep. 180, after reviewing the authorities on the subject it was held,, to be well established therefrom," that municipal ordinances, placing restrictions upon lawful conduct, or the lawful use of property, must, in order to be valid, specify the rules and conditions to be observed in such conduct of business; and must admit of the exercise of the privilege by all citizens alike who will comply with such rules and conditions; and must not admit of the exercise, or of an opportunity for the exercise, or any arbitrary discrimination by the municipal authorities between citizens who will so comply." To the same effect is *State*

[City Council of Montgomery v. West.]

v. *Tenant,* 110 N. C. 609, 14 S. E. 387, 15 L. R. A. 423, 28 Am. St. Rep. 715.

So, it has been held, that an ordinance was invalid, which made it unlawful to maintain a slaughter house, "except permission be granted by the council of the city of New Orleans," as it made the owner's right to maintain the business, dependent upon the arbitrary will of an individual or a body of individuals, acting for the city; that the city has no governmental or special power to prevent any one, who complies with the law regulating such business, from engaging in any lawful business he prefers, and the ordinance in question, would enable the city to allow the favored suitor to establish a monopoly.—*Barthet v. City of New Orleans,* (C. C.) 24 Fed. 567; so, of an ordinance of the city of New Orleans, forbidding the keeping of dairies within certain limits, except by permission of the city council—*State v. Mahner,* 43 La. Ann, 496, 9 South. 480; and an ordinance of the city of Newton, to exercise a discretion in granting or refusing a permit for the erection of buildings within a fire district—*City of Newton v. Belger,* 143 Mass. 598, 10 N. E. 464.

An elaborate discussion of the principle will be found in the vase of *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220, to the same effect as the authorities supra

The question came before our court, in the case of *Town of Greensboro v. Ehrenreich,* 80 Ala. 579, 583, 2 South. 725, 60 Am. Rep. 130, in respect to an ordinance to prevent the introduction of infectious or contagious diseases and preserve the health of the inhabitants, making it unlawful for any person, "to import, sell or otherwise deal in second-hand or cast off garments, blankets, bedding or bed clothes." In was there said: "Municipal authorities having power to abate nuisances, cannot absolutely prohibit a lawful business not necessarily a nuisance, but may abate it when so carried on as to constitute a nuisance. They cannot, under the claim of exercising the police power, substantially prohibit a lawful trade, unless it is so conducted as to be injurious or dangerous to the public health. * * * We cannot regard

it a legitimate exercise of the power conferred by the act of incorporation."

From the foregoing, it will appear that the city court committed no error in sustaining the demurrer to the complaint.

Affirmed.

·Tyson, C. J., and Simpson and Denson, JJ., concur.