# City of Talladega *v.* Sims.

### *Violating Municipal Ordinance.*

(Decided June 19, 1913.  62 South. 958.)

*Municipal Corporation; Streets; Ordinances.*—While a municipality may, under proper charter provision, pass an ordinance regulating the right to dig or excavate in streets, sidewalks or alleys, such an ordinance must be reasonable, general in its scope, impartial in operation, and applicable to all persons. It is, therefore, held that the ordinance under consideration is void because it leaves the enforcement of it to the unrestrained will and discretion of a public official.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

The city of Talladega prosecuted Benjamin B. Sims for violating Ordinance No. 123. On appeal to the city court, there was judgment for defendant on demurrer and plaintiff appeals. Affirmed.

KNOX, ACKER, DIXON & SIMS, for appellant. The city was operating under a charter granted by the Legislature, and had full power to pass the ordinance. The city's right of appeal is secured by section 1220, Code 1907. The power here sought to be exercised was within the charter powers, and was a police regulation, was general, uniform and reasonable.—McQuillan's Mun. Ord. 712; 9 Ia. 450; 159 Mass. 324; 21 Mich. 1; 159 Mo. 86; 12 Pa. 318; 7 N. W. 734; 2 Am. St. Rep. 305; 173 U. S. 32; 51 N. E. 758; 52 N. E. 44; 177 U. S. 183.

W. B. HARRISON, for appellee. Under the ordinance the chief of police has the arbitrary, uncontrolled discretion to grant or withhold a permit to dig in the streets, which is fatal to the ordinance.—*City Council of Montgomery v. West,* 149 Ala. 311, and cases there cited; McQuillan Mun. Ord. 184; 203 Mass. 241; 63 Mich. 396; 10 Am. St. Rep. 175; 42 L. R. A. 696; 20 N. E. 115; 28 N. E. 312; 59 L. R. S. 551; 13 L. R. A. 668. The ordinance is also void for unreasonableness.— *McEachern v. City of Tuscaloosa,* 168 Ala. 268; *Town of New Decatur v. Scharfenburg,* 147 Ala. 367; 89 Ala. 195.

PELHAM, J.—The only proposition involved on this appeal relates to the validity of an ordinance adopted by the mayor and aldermen of the city of Talladega, which ordinance is in the following language:

"ORDINANCE NO. 123.

"An ordinance to regulate the excavation of the streets of the city of Talladega, Alabama.

"Be it ordained by the mayor and aldermen of the city of Talladega:

"First. That from and after the passage of this ordinance, it shall be unlawful for any person, whether owner, plumber, corporation, official, or private individual, to dig up, dig in, dig along or upon, or excavate in any manner, in, on or upon or along any street or sidewalk of the city of Talladega, for any purpose whatever, except in the manner hereinafter stated.

"Second. Any person to dig in, or upon or along any street, sidewalk or alley of said city shall first make application, in writing, upon a blank furnished by the chief of police, to the chief of police, designating the exact

locality and street where said excavation is desired, giving the length, breadth, and depth of said excavation, and the probable length of time necessary to finish said excavation and agreeing in said application, and under penalty of not less than twenty-five dollars, to restore the earth, macadam or other road-making material, including chert or concrete, to the original condition that the location showed as to level that the locality showed before the excavation, expressly agreeing to pack, tamp and smooth the earth, packing to be done after wetting the earth with water, as it was originally. Should the chief of police consider the excavation desirable or deem it permissible he will indorse his permission in writing on said application and file the same in his office and then, and only until then shall any excavation be begun.

"Third. When an excavation has been made and the earth is not restored as it was before the excavation or where a bump, ridge, or hollow is left in the streets, it shall be the duty of the chief of police to restore the same to its original condition with the street hands, charging the work and a penalty of twenty-five dollars to the person making said excavation.

"Fourth. Any person violating the provisions of this ordinance upon conviction shall be fined not less than one nor more than one hundred dollars, and besides and in addition thereto, and as a more adequate punishment shall be imprisoned in the city prison or sentenced to work on the street for not more than ten days.

"Read and adopted in open session this June 4, 1906.

J. W. Vandiver, Mayor.

"W. C. McMillan, Clerk."

It will be seen that the ordinance requires that before any person can, for any purpose, dig or excavate upon or along a street, sidewalk, or alley of the city

he must make an application in writing to the chief of police, and "should the chief of police consider the excavation desirable or deem it permissible, he will indorse his permission in writing on said application and file the same in his office and then, and only until then, shall any excavation be begun."

There are many proper, lawful, and we may say, necessary occasions when the occupant of a house adjoining a street, side-walk, or alley in a city will encounter the need of digging or excavating therein as an incident of his occupancy. And it is a matter of common knowledge that this may be and often is done in a way that would not necessarily create a nuisance. The ordinance is one placing restrictions upon lawful conduct, and, while we doubt not the authority of a municipality under the proper charter authority to pass a by-law or ordinance regulating the right to dig or excavate in or along or across the streets, sidewalks, or alleys, such an ordinance, to be valid, must be reasonable, general in its scope, impartial in its operation, and applicable alike to all persons, and its enforcement not committed to the unrestrained will of a single public officer, who might at his discretion, as under the absolute power given him in the ordinance in question, proceed to apply a different rule of enforcement to different persons, prompted by a feeling of enmity or prejudice, or actuated by partisan zeal or animosity, or through favoritism, or other improper influences and motives easy of concealment and difficult of detection. Such an ordinance is void because it submits the rights of individuals to the unrestrained discretion of an official.

"It has been said of ordinances of this nature that they remove the rights of the individual from the domain of law, and subject them to the exercise of arbitrary discretion on the part of the council or the officer

upon whom the dispensing power is conferred, that it is unreasonable to reserve the right to grant or withhold the privilege as it may suit the pleasure of the council or officer, and that, to be valid, an ordinance of this nature must lay down a uniform rule of action, governing the exercise of the dispensing power."—2 Dillon on Municipal Corporations (5th Ed.), § 598, citing an extended list of authorities in support of the text, among others the case of *Montgomery v. West,* 149 Ala. 311, 42 South. 1000, 9 L. R. A. (N. S.) 659, 123 Am. St. Rep. 33, 13 Ann. Cas. 651, in which the Supreme Court of this state holds that an ordinance of a municipality forbidding the operation of steam engines, planing mills, etc., within the city limits, without first obtaining the consent of the council, to be invalid in failing to prescribe a uniform rule of action in reserving to the council the right to grant or withhold the privileges arbitrarily.— See, also, McQuillin on Munic. Ord. § 184.

The ordinance before us presents a stronger case for the application of this rule of law than did the case of *Montgomery v. West, supra,* for here the city councilmen, or aldermen, have undertaken to delegate the authority to a single official to arbitrarily decide whether he considers the proposed excavation "desirable," or deems it "permissible." Thus this single officer is bound by no law or rule in granting or withholding the privilege, but may exercise only his own discretion, caprice, whim, or will, arbitrarily if he sees fit, in the premises, upon which depend the rights of the public in exercising a privilege that may be virtually a necessity, and which would not of itself necessarily create a nuisance or interfere with the public safety or welfare.

From what we have said, it will be seen that we are of the opinion that the ordinance is invalid, and that

the demurrers assailing its validity were properly sustained by the trial judge.

Affirmed.