(119 So. 599)

LONGSHORE v. CITY OF MONTGOMERY.
(3 Div. 608.)

Court of Appeals of Alabama. Sept. 18, 1928.

Rehearing Denied Nov. 13, 1928.

Goodwyn & Goodwyn, of Montgomery, for appellee.

RICE, J. Appellant was convicted and fined for the violation of the terms of section 8 of the ordinance adopted by the city of Montgomery, Ala., known as the zoning ordinance. The said section 8 reads as follows:

"It shall be unlawful for any store, filling station, automobile laundry, garage, or other type of building to be used for commercial purposes within the A residential district as above described and shown by the zone map, unless such building shall conform to the established building lines, on the particular block on which it is proposed to construct such building, nor will a permit be issued by the city engineer for the construction of such building except with the consent of two-thirds of the property owners for a distance of three hundred feet from the exterior lot lines on both sides of the street or streets upon which the proposed building site abuts. The required distance on the side or sides of the street or streets opposite from the side on which the building is to be located shall be computed by measurement from the respective points on the said opposite side or sides of such street or streets where the exterior lot lines of said proposed building site, if extended, touch said opposite side or sides of the street or streets. It shall also be necessary to secure the unanimous consent of the owners of lots first and second removed from the proposed site and also the two owners of the lots immediately across the street 'in front of such proposed building and also any other owners whose lots abut on such proposed building site: Provided, that in cases where the property owner or owners whose unanimous consent is required fail or refuse to state his or their objection or should his or their objection seem

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

trivial, or if it appears that such owner or owners are merely holding up the proposed improvement for the purpose of selling his or their own property, then the city commission reserves the right to notify such owner or owners together with the party desiring to make the improvement to meet the city commission on a fixed date. The city engineer shall give written notice to the parties in interest of the place and time of such hearing before the city commission, and if at such hearing the objections of the property owner or owners shall seem trivial or not well taken, the city commission reserves the right to overrule such objections and to instruct the city engineer to issue a permit for the proposed improvement."

We are not impressed with appellant's contention that the record fails to show a violation by her of the terms of said section 8. We think the fact of her violation of its terms is sufficiently apparent. It is here not incumbent upon us to pass upon the constitutional authority, vel non, of the appellee to enact a zoning ordinance, as the term is now generally understood to import, although we might remark that it *has*, in our opinion, such authority. Village of Euclid, Ohio, v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303; Zahn et al. v. Board of Public Works of the City of Los Angeles, 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074; Gorieb v. Fox et al., 274 U. S. 603, 47 S. Ct. 675, 71 L. Ed. 1228, 53 A. L. R. 1210.

Section 8 of the zoning ordinance of the city of Montgomery, above quoted, seems to us to fall directly under the ban of the Fourteenth Amendment of the Constitution of the United States, in the same way, and to the same extent, as the municipal enactment discussed in the opinion in the case of City Council of Montgomery v. West, 149 Ala. 311, 42 So. 1000, 9 L. R. A. (N. S.) 659, 123 Am. St. Rep. 33, 13 Ann. Cas. 651. The views expressed in the opinion in that case, by the Supreme Court of our state, which are controlling upon us, appear never to have been changed. As there stated:

An ordinance (and, of course, any part of the ordinance; in this case, section 8, above quoted) of a city, to be valid, "must be impartial and general in its operation. So far as it restricts the absolute dominion of the owner over its property, it should furnish a uniform rule of action, and its application cannot be left to the arbitrary will of the governing authorities. Ordinances which invest a city council, or a board of trustees, or officers [and we may here interpolate, adjoining property owners], with a discretion which is purely arbitrary, and which may be exercised in the interest of a favored few, are unreasonable and invalid."

And further:

"Municipal ordinances, placing restrictions upon lawful conduct, or the lawful use of property, must, in order to be valid, specify the rules and conditions to be observed in such conduct of business, and must admit of the exercise of the privilege by all citizens alike who will comply with such rules and conditions, and must not admit of the exercise, or of an opportunity for the exercise, of any arbitrary discrimination by the municipal authorities between citizens who will so comply."

Other statements, elaborating and illustrating the principles above quoted, will be found in the opinion in the said West Case, supra, which embodies and constitutes the law in our state upon the subject under discussion.

Applying these principles to the question before us, it is at once apparent that section 8 of the Montgomery zoning ordinance, adopted December 27, 1927, and effective January 1, 1928, is unconstitutional and void. In the case of two property owners of property lying side by side in the same zone area and under exactly similar conditions, under this section it is possible that one might be popular with his neighbors, and be able to comply with the terms of the ordinance for that reason. The other, proposing a use of his property identical with the first, and perhaps as good a citizen, might be unpopular, and unable to comply. On appeal to the city commission, the objections interposed might possibly, while similar in the two cases, be considered by the said commission in one case trivial, in the other substantial. This cannot be, under the Constitution.

From what we have said, it will appear, and we hold, that the trial court erred in rendering judgment in favor of appellee, and said judgment is hereby reversed, and one is hereby rendered, discharging appellant from further custody.

Reversed and rendered.