In the Matter of the Appeal of HARRY P. LLOYD, *et ux.*

(*December* 10, 1937.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*Paul Leahy* (of Ward and Gray) for appellants.

*Thomas Herlihy, Jr.,* Assistant City Solicitor,for the City of Wilmington.

Superior Court for New Castle County, May Term, 1937.

LAYTON, C. J., delivering the opinion of the Court:

This Court, in the *Ceresini Case, supra,* in reversing the order of the Board of Adjustment, said:

"The contemplated enclosure of that porch was solely for domestic comfort and use, and a front porch so situated, otherwise clearly legal, when enclosed with removable glass or screens, would not be a fire hazard, a menace to life or health, or, in any sense, in the nature of a nuisance; nor using those words in their appropriate sense could it seriously affect the comfort or general welfare of the community. Bearing in mind that this porch is located in a Business A. District of the nature provided for in the *Zoning Ordinance,* and also bearing in mind the conditions actually existing in that neighborhood, that part of the ordinance in question would seem to be clearly unreasonable, and, therefore, void."

*Section* 9 of the *Zoning Ordinance* defines a closed porch, and authorizes the Board of Adjustment to permit the construction of a one-story closed porch provided assents thereto be expressed in writing by the owners of any and all lots immediately adjoining and bordering on the same street and also by a majority of all the owners, by frontage, of lots bordering on the same street and within the same block not including in either case the owners of any lot on which the corresponding set-back of a then existing building is equal to or less than that which would be created on the lot in question.

In the *Ceresini Case* it was contended that the ordinance was illegal and void in that it amounted to an unlawful delegation of legislative power to the adjoining and

unlimited vesting of discretion in the City authorities uncontrolled by any fixed and definite rule.

The Court found it unnecessary to consider these contentions. It thought it sufficient to hold the ordinance clearly unreasonable in the circumstances there shown.

■ Here the circumstances are the same in all material aspects. The district is a "Business A District"; the application is to enclose a front porch with removable glass and screenings; the required assents expressed in writing have not been obtained. The decision in the *Ceresini Case* is applicable here, and for the reasons there expressed, the order of the Board of Adjustment must be reversed. It is not at all clear why the Board of Adjustment ignored the ruling of this Court in the matter of Ceresini. Possibly it was thought that the factual situation differed; but whatever reason actuated the Board, it was not justified in refusing to be guided by the ruling of this Court.

The action of the Board of Adjustment, notwithstanding the decision of this Court in a like situation, has moved the petitioners here to propound the broad question, "May the owner of a dwelling in the City of Wilmington, regardless of what Zoning District his property may be in, enclose his porch in screen or glass, without interference by the city authorities acting under the *Zoning Ordinance?*" The breadth of the question naturally presents for solution two problems: first, whether the restrictions imposed by the ordinance bear such a substantial relation to the public health, safety, morals or general welfare as to be justified under any aspect of the police power; second, whether the provision of the ordinance, making the right of the owner of property to enclose his porch dependent upon the consent of his neighbors, is constitutional. The first problem obviously is outside of the record, for the property in question is in a "Business A" district; but the second is fairly before the Court.

20

■ It is agreed that the police power is founded in public necessity which alone can justify its operation; that private rights, naturally abridged by exercise of the police power, are not to be sacrificed beyond the bounds of a reasonable necessity; that the police power may not be invoked for an abridgment of the use of private property, unless the use reasonably menaces the general welfare; and that the compensation for the sacrifice of private rights is found in the protection afforded the general welfare by exercise of the power.

■■ There is, likewise, no dissent from the proposition that a municipal ordinance, to be valid, must be general and impartial in its operation, must itself furnish a uniform rule or standard of action, and, if restrictive of the absolute dominion of the owner over his property, its application may not be left to the arbitrary or capricious will of the municipal authorities. It follows, as a necessary deduction, that municipal authorities may not delegate to another a power which they may not themselves exercise.

■ Upon examination of the ordinance it is found that an owner of property in the City of Wilmington who desires to enclose a porch in glass or screening, is compelled to obtain the assents in writing, not only of a majority of all the owners, by frontage, of lots bordering on the same street and within the same block, but also the assents in writing of the owners of lots immediately adjoining his property, with certain exceptions; and then the owner must invoke the discretionary power of the Board of Adjustment to issue a permit.

The ordinance as applied to the property of the petitioners, purports to vest the majority of lot owners on the same street and block, and the owners of lots immediately adjoining the property concerned, with an uncontrolled and undefined power to limit the use of property. They are not other property owners, and that it was an arbitrary and

required even affirmatively to object to the proposed use; nor to give any reason for withholding assent; nor does the ordinance reserve to the Board of Adjustment the safeguarding power to permit the desired use if no reason is given for withholding assent, or if the reason given is trivial or unsubstantial. No rule, standard or guide is established. Inaction itself is sufficient to deny the proposed use. The result is that, in the City of Wilmington, the right of an owner of property to enclose his porch is absolutely dependent upon the humor, crotchet or caprice of his neighbor. His veto by mere inaction is absolute. His will is law. This is an intolerable situation in a free country.

The delegation of power attempted by the ordinance is repugnant to the due process clause of the *Fourteenth Amendment* of the *Federal Constitution,* and is repugnant to the declaration contained in *Section* 7 of the *Bill of Rights* of the *Constitution of the State,* that no person shall be deprived of his property unless by judgment of his peers or by the law of the land. *State of Washington ex rel. Seattle Title & Trust Co. v. Roberge,* 278 *U. S.* 116, 49 *S. Ct.* 50, 73 *L. Ed.* 210, 86 *A. L. R.* 654; *Spies v. Board of Appeals,* 337 *Ill.* 507, 169 *N. E.* 220; *Longshore v. City of Montgomery,* 22 *Ala. App.* 620, 119 *So.* 599; *Spann v. City of Dallas, Tex. Civ. App.,* 189 *S. W.* 999; *Id.* 111 *Tex.* 350, 235 *S. W.* 513, 19 *A. L. R.* 1387; *City of Dallas v. Mitchell, Tex. Civ. App.,* 245 *S. W.* 944; *Ex parte Sing Lee,* 96 *Cal.* 354, 31 *P.* 245, 24 *L. R. A.* 195, 31 *Am. St. Rep.* 218; *Willison v. Cooke,* 54 *Colo.* 320, 130 *P.* 828, 44 *L. R. A., N. S.,* 1030; *Roman Catholic Archbishop v. Baker,* 140 *Or.* 600, 15 *P. 2d* 391; *Kennedy v. City of Evanston,* 348 *Ill.* 426, 181 *N. E.* 312; *Matzenbaum, Law of Zoning,* 277.

The order of the Board of Adjustment is set aside, and the record is remanded with the direction that the Board of Adjustment proceed in conformity herewith.