[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 907 
Debbie Lynn Cook was convicted of trafficking in cocaine, was sentenced to 20 years' imprisonment, was fined $50,000, and was ordered to pay court costs and $2,500 to the Victims' Compensation Fund. She raises six issues in this appeal; however, most of the issues were not properly preserved for our review. Although two issues may have had merit, one (improper execution of the search warrant, see Part I) was not properly preserved, and the other (ineffective assistance of trial counsel, see Part V) is not adequately raised on appeal.
On April 28, 1989, Montgomery narcotics officers provided an informant with $1,380 with which to purchase an ounce of cocaine. The officers' "arrangement" with the informant was that the informant was "to get Ms. Cook to go buy some drugs from" one Arthur James Green, who resided at 3007 Tyler Road in Montgomery. The officers observed the informant go to Cook's trailer, then both the informant and Cook went to Green's residence. After the informant and Cook had been inside Green's residence for a brief period, the officers entered the house and executed a search warrant that had been previously obtained. Several bags of cocaine totaling 42.2 grams and several guns were found in the search. Cook had in her purse $270 in marked "buy" money. Cook argued the defense of entrapment, although she presented no evidence herself.
 I
Cook raises two issues regarding the search: (1) that the search warrant was improperly issued in that the informant was not shown to be reliable, and (2) that the warrant was improperly executed because the officers failed to comply with the "knock and announce" statute, § 15-5-9, Ala. Code (1975).
The record does not contain a written motion to suppress the items seized during the search, nor was any such motion made orally during trial. The issue of the reliability of the informant was not raised in any manner at trial and cannot be presented for the first time on appeal. Thornton v.State, 390 So.2d 1093, 1095-96 (Ala.Cr.App.), cert. denied, 390 So.2d 1098 (Ala. 1980), cert. denied, 450 U.S. 998,101 S.Ct. 1704, 68 L.Ed.2d 200 (1981).
The officers executing the search warrant admittedly did not comply with Alabama's "knock and announce" rule. Ala. Code 1975, § 15-5-9. In fact, one of the officers testified, to the amazement of this Court, that "[t]he purpose of a search warrant is so you don't have to knock." Clearly, by simply kicking in the door and entering the residence without a showing of any exigent circumstances that would excuse their failure to knock and announce, the officers violated §15-5-9. See Ex parte Gannaway, 448 So.2d 413, 414-15
(Ala. 1984).
However, this issue was not properly raised at trial. Defense counsel did request to examine Montgomery police detective R.A. Lay on voir dire "[t]o see whether or not this is a lawful search. He said he *Page 908 
busted down the door, I think you've got to knock, he has to announce who he is and other things." Defense counsel never moved to suppress the fruits of the search but objected only to the admission of the actual search warrant. Later in the trial when the items seized during the search were offered, defense counsel stated, "No objection." Consequently, the earlier objection to the officers' failure to knock and announce was waived. See Hilley v. State,484 So.2d 476, 483-84 (Ala.Cr.App.), affirmed on other grounds,484 So.2d 485 (Ala. 1985).
On this appeal, the State asserts that Cook had no standing to raise the issue of the improper execution of the search warrant because the residence searched was not hers — she had only gone to the residence to purchase drugs from another. However, the issue of standing was not raised by the State at trial and has therefore been waived. United States v.Garcia, 882 F.2d 699, 701-02 (2d Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); UnitedStates v. Sanchez, 689 F.2d 508, 509 n. 1 (5th Cir. 1982). "[A]s a general proposition of law, the failure of a party to object to a matter at trial precludes the party from raising that matter on appeal as error." Ex parte Williams,571 So.2d 987, 989 (Ala. 1990) ("The State's failure to object to the untimeliness of Williams's motion waived that objection on appeal."). An explanation for the State's failure to raise the issue of standing in this case lies in the fact that the defense never made a motion to suppress.
 II
Cook complains that she was not permitted to question the officers as to the identity of the informant. The basis for her argument appears to be that this information was necessary for her defense of entrapment.
During defense counsel's cross-examination of one of the officers, counsel stated, "And this lady [the informant], I believe her name is Vickie Murchison — " The prosecutor objected, stating that the identity of the informant was a confidential matter. This objection was sustained, without any objection by defense counsel. Defense counsel then asked several questions regarding the interaction of the officers and the informant. When the prosecutor again objected, a short hearing was held in the judge's chambers. The trial judge issued the following ruling:
 "I'll sustain the objection to the identification of the informant, but I'll allow [defense counsel] to go into the actions of the informant. The other part of [the prosecutor's] objection goes to the action of the informant and the police officers working with the informant, but I'll sustain only to the identity of the informant only."
There was no objection to this limitation. In fact, defense counsel stated, "I don't need to know the identification of the informant. I know who the informant is." Thereafter, defense counsel established before the jury that the informant was working with the police because she had been offered a "deal" and that her "arrangement" with the officers was that "she was going to get Ms. Cook to go buy some drugs from somebody else." In view of the facts that the defense was permitted to bring out the details of the officers' use of the informant and that the defense knew the identity of the informant and presumably could have called her as a witness, there does not appear to be any error in the trial court's refusal to permit the identity of the informant to be established before the jury. In any event, this issue was not raised below and consequently cannot be raised on appeal. Owen v. State, 418 So.2d 214, 219
(Ala.Cr.App. 1982).
 III
Cook contends that the trial court's jury instruction on entrapment was incorrect and incomplete. However, trial counsel announced "Satisfied" at both the conclusion of the court's jury instruction and again after the trial court gave supplemental instructions requested by the jury. This issue is therefore not properly preserved for our review. Phelps v.State, *Page 909 439 So.2d 727, 735 (Ala.Cr.App. 1983); Rule 14, A.R.Cr.P.Temp.
 IV
Cook argues that a police officer was improperly permitted to testify to the general use of informants because, she argues, his description of informants as people who had previously or currently used drugs and his statement that dealers usually only sell to someone they knew "real real well" amounted to inadmissible evidence that she had been involved in other criminal activity. Although trial counsel did object during the officer's testimony on the use of informants, his objection was not made on the ground that this testimony indicated that Cook had committed other criminal acts. He stated only that "[w]e would like him to specify to this particular case, not what they normally do." Even assuming that the officer's testimony was improper evidence of prior bad acts on the part of Cook, it is well settled that "[t]he statement of specific grounds of objection waives all grounds not specified and the trial court will not be put in error on grounds not assigned at trial."Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). "A defendant is bound by the grounds of objection raised at trial and cannot change them on appeal." Leonard v. State,551 So.2d 1143, 1151 (Ala.Cr.App. 1989). Accord, Johnson v.State, 541 So.2d 1112, 1116 (Ala.Cr.App. 1989).
As part of this same issue, Cook maintains that another officer's testimony also indicated that she had been involved in prior criminal activity. Detective R.A. Lay testified that he had been introduced to Cook some weeks prior to the date of the instant offense as "someone that [he] could buy drugs from." There was no objection to this testimony at trial and, again, the issue was not preserved for our review. Desimerv. State, 535 So.2d 238, 242 (Ala.Cr.App. 1988). See alsoScanland v. State, 473 So.2d 1182, 1186 (Ala.Cr.App.), cert. denied, 474 U.S. 1035, 106 S.Ct. 602, 88 L.Ed.2d 581
(1985).
 V
Cook asserts that trial counsel was ineffective. UnderStrickland v. Washington, 466 U.S. 668, 690,104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984), a "defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Despite the lack of objections necessary to preserve most of the issues previously discussed, the only allegation advanced on appeal is that "the dispute between the Trial Court and [Cook's] hired attorney was to such a degree that she was denied effective assistance of counsel." Appellant's brief at 20.
On one of the few occasions where trial counsel voiced an objection, the trial court excused the jury, then instructed trial counsel to stand when he wished to interpose an objection. Also at that time, the trial court entered on the record a number of complaints he had with trial counsel: that counsel appeared at a status conference the previous week with alcohol on his breath; that the day before counsel had been smoking in the courtroom; that earlier that day counsel had been in another courtroom instead of in his courtroom; and that at some time previous, counsel had had a dog in the courtroom.[1] The trial judge concluded by instructing counsel to stand when he wished to address the court. Even if we were to consider these comments improper, they were "made in the absence, or without the knowledge, of the jury [and do] not constitute reversible error for the reason that the jury was not influenced by [them]." Oglen v. State,440 So.2d 1172, 1174 (Ala.Cr.App.), cert. denied, 440 So.2d 1177 (Ala. 1983). See also Gwin v. State, 425 So.2d 500, 506-07
(Ala.Cr.App. 1982), writ quashed, 425 So.2d 510 (Ala. 1983). *Page 910 
Although appellate counsel does not mention it in brief, thereafter, in the presence of the jury, on three occasions, the trial court briefly instructed trial counsel to stand while conducting cross-examination. While the trial court twice interrupted counsel's questioning to give these instructions, he prefaced his instructions with "excuse me." The interruptions and instructions were brief and do not appear to have been made in a fashion likely to "have affected the result of the trial." Cox v. State, 489 So.2d 612, 623
(Ala.Cr.App. 1985). Other than prohibiting counsel from eliciting the identity of the informant as discussed in Part II above, the trial court did not limit defense counsel in cross-examination, and a review of the record in its entirety reveals that the overall conduct of the trial judge was not prejudicial. See Thompson v. State, 503 So.2d 871,879-80 (Ala.Cr.App. 1986), affirmed, 503 So.2d 887 (Ala.), cert. denied, 484 U.S. 872, 108 S.Ct. 204, 98 L.Ed.2d 155
(1987). Appellate counsel has not suggested otherwise.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.
[1] Appellate counsel does not allege that trial counsel was inebriated or otherwise physically or mentally incapable of conducting this particular trial, nor is there anything in the record to so indicate.