McMILLAN, Judge.
The appellant was transferred from juvenile court to the Circuit Court of Lee County to be prosecuted as an adult on a charge of unlawful possession of cocaine hydrochloride and a charge of carrying a concealed weapon.
The appellant argues that certain evidence, which he alleges was obtained as a result of an illegal investigatory stop and subsequent search and seizure, was inadmissible in his transfer hearing.
The transfer hearing addresses issues of probable cause, rather than issues of guilt or innocence; moreover, the standard of proof is the lesser standard of whether a reasonable man would believe a crime occurred and that the juvenile committed it, rather than the strict standard of proof beyond a reasonable doubt. Cruse v. State, 489 So.2d 694, 696 (Ala.Cr.App.1986). However, the Alabama Supreme Court has held that “[t]o relax the strict rules of evidence for purposes of the transfer hearing, when its application is restricted to matters ordinarily governed by the rules of evidence, is one thing; but to carry its application to the extent of allowing the admission of an otherwise inadmissible statement of the accused is constitutionally impermissible.” Ex parte Whisenant, 466 So.2d 1006, 1008 (Ala.1985).
Although the appellant’s claim is that certain evidence was inadmissible on constitutional grounds, the record indicates that the evidence was not obtained as a result of an illegal stop or illegal search and seizure. Corporal Melvin Harrison, of the vice and narcotics division of the Opelika Police Department, testified that he received a complaint from a citizen who said that she had observed two black males sitting in a vehicle smoking marijuana. The citizen further gave a description of the vehicle and gave its tag number. A police unit was dispatched to the location but was unable to locate the vehicle. The police spoke to the citizen and confirmed her complaint. Approximately an hour and a half later, the vehicle was located, pursuant to the description and tag number. The vehicle was stopped and two black males exited the car. The defendant exited from the passenger side. The officers asked for the men’s names and addresses and patted them down for weapons. Five .38 caliber bullets were found in the defendant’s pocket. The officer who found the bullets asked the appellant where the gun was; the appellant then ran away. The officers then searched the vehicle, finding 38 “zip-loc” bags containing a white rock-like substance discovered to be crack cocaine and a .38 caliber pistol in the console of the car. Upon returning to the scene where the witness had indicated the men were smoking the marijuana, the police located a marijuana “roach” where the vehicle had been reported to have been parked.
*1034 The police officers’ stop of the appellant was proper pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (wherein an anonymous tip was held to justify a stop). See also Alabama v. White, — U.S. -, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). They had received information that the two men had been smoking marijuana and had received that information from a witness to the crime. Information received from someone who is a witness to a crime can be considered reliable. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). See also 1 W. LaFave, Search and Seizure, 3.4 (2d ed. 1987).
The State argues, as to the search of the automobile, that the appellant has failed to show that he had any standing to object to the search, as the evidence showed that he was a passenger in the vehicle and the appellant has failed to prove that he had any possessory interest in the evidence. However, the issue of standing was not raised by the State at trial and therefore it has been waived for appeal. Cook v. State, 574 So.2d 905 (Ala.Cr.App.1990), citing United States v. Garcia, 882 F.2d 699, 701-02 (2d Cir.), cert. denied, — U.S. -, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); United States v. Sanchez, 689 F.2d 508, 509 n. 1 (5th Cir.1982). However, by running from the car, the appellant forfeited any expectation of privacy that he had in the property. Carlisle v. State, 533 So.2d 645, 647-649 (Ala.Cr.App.1987). By voluntarily abandoning the automobile, the appellant relinquished his reasonable expectation of privacy so that its search and seizure of the cocaine and the weapon were reasonable and within the limits of the Fourth Amendment. Id. “The existence of police pursuit or investigation at the time of abandonment does not of itself render the abandonment involuntary.” United States v. Jones, 707 F.2d 1169, 1172 (10th Cir.1983), cert. denied, 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983), and cases cited therein.
AFFIRMED.
All Judges concur, except BOWEN, J., who concurs in the result only, with opinion.