Patricia H. Owens appeals from a default summary judgment in favor of the plaintiff, National Bank of Commerce ("NBC"). We affirm.
In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. SystemsFuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v.Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981). A summary judgment is proper when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; King v.Breen, 560 So.2d 186 (Ala. 1990). In determining whether there exists a genuine issue of material fact, this Court is limited to a consideration of the factors that were before the trial court when it ruled on the summary judgment motion.Broadmoor Realty, Inc. v. First Nationwide Bank,568 So.2d 779 (Ala. 1990). This Court may not consider matters on appeal that were not introduced into evidence before the trial court. Spradlin v. Drummond Co., 548 So.2d 1002, 1005
(Ala. 1989).
The record contains no evidence that Owens responded in any way to NBC's motion for summary judgment prior to this appeal. Owens raises several issues for the first time in her appeal; she did not raise these issues before the trial court nor did she present any evidence there to support her contentions. "In reviewing the propriety of a summary judgment, this Court is limited to reviewing the same factors, the same evidence, considered by the trial court when it granted the motion."Turner, supra, at 541-42. Because none of the factors or supporting evidence was before the trial court, we may not consider them here, and we must, accordingly, affirm the judgment. The appellee's motion to strike is therefore dismissed.
MOTION DISMISSED; AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.