BOWEN, Presiding Judge,
concurring in result.
I disagree with the majority’s holding that the appellant had the burden of production and proof on the motion to suppress.
The authorities cited in support of that holding concern the burden of the accused to prove his standing to assert Fourth Amendment rights. It is clear that an accused has the burden of showing his standing to object to a search. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). However, it is equally clear that this appellant had standing to object to the search of his swimming pool, and the prosecution did not contend otherwise. See Cook v. State, 574 So.2d 905, 908 (Ala.Cr.App.1990) (State’s failure to question defendant’s standing to object to a Fourth Amendment violation waives issue of standing on appeal).
Before trial, the appellant moved to suppress the water sample taken from his swimming pool without a search warrant. The prosecution conceded that the City did not have a search warrant. When a defendant moves to suppress evidence derived from a warrantless search of his property, the State must “produce sufficient evidence in opposition to the motion to suppress to overcome the presumption of unreasonableness that attache[s] to the warrantless search of [the defendant’s] property.” Ex parte Hergott, 588 So.2d 911, 916 (Ala.1991).
Although I disagree with the majority’s reasoning concerning who bears the burden of proof on motion to suppress, I concur in the result because it appears from the record that at trial the prosecution offered evidence that the search was conducted with the appellant’s consent. See Henry v. State, 468 So.2d 896, 899 (Ala.Cr.App.1984), cert. denied, 468 So.2d 902 (Ala.1985) (if evidence adduced at trial is sufficient to uphold court’s ruling on motion to suppress, it is immaterial that insufficient evidence was adduced on motion to suppress). As the majority correctly observes, the evidence presented at trial was in conflict and presented a question of credibility for the factfinder.