720 So.2d 953 (1998)
CITY OF MOBILE, a municipal corporation
v.
Marcia G. WEINACKER, et al.
2970268.
Court of Civil Appeals of Alabama.
April 17, 1998.
Rehearing Denied May 15, 1998.
Certiorari Denied August 21, 1998.
John L. Lawler of Finkbohner & Lawler, L.L.C., Mobile, for appellant.
Ray G. Riley, Jr., Mobile, for appellee.
Alabama Supreme Court 1971522.
MONROE, Judge.
The City of Mobile appeals from a judgment holding a portion of a city ordinance unconstitutional.
Marcia Weinacker and several other persons, (hereinafter referred to as the Weinackers) own a business located at the corner of Government and Catherine Streets in Mobile. In April 1986, the Weinackers received permission from the City to construct a sign on their business premises. The sign reads "Weinackers Shopping Center Since 1882." In January 1988, the City adopted an ordinance amending a 1967 zoning ordinance, so as to deal with signs. On October 6, 1994, the City issued an order requiring the Weinackers to remove their sign by November 21, 1994, because it violated the sign ordinance. The Weinackers applied for a variance, but their request was denied. A subsequent appeal *954 to the Mobile Circuit Court left the denial of the variance intact.
On December 2, 1996, the Weinackers sued the City, claiming that the sign ordinance was unconstitutional. The City moved to dismiss the lawsuit, and the Weinackers moved for a summary judgment. A hearing was held on both motions on April 16, 1997. On September 16, 1997, the trial court entered an order holding that a portion of the City's sign ordinance was unconstitutional. The City filed a motion requesting that the trial court "reverse, revise and hold for naught" its order of September 16. The trial court denied that motion; the City appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The provision at issue is Zoning Ordinance No. 80-057, as amended and codified in Chapter 64 of the Code of the City of Mobile. Paragraph 7 of Section IV provides, in pertinent part:
"7. Signs in Historic Districts and Along Government Street. This section is intended to govern any sign erected, maintained, or located along Government Street, from Water Street to the intersection of Government Street and Dauphin Island Parkway, and within any area of the City designated by the Mobile Historic Development Commission as a historic district or any area or structure placed on the National Register of Historic Places.
"a. CERTIFICATE OF APPROPRIATENESS: The following signs require a Certificate of Appropriateness to be issued by the Architectural Review Board of the City of Mobile and shall be allowed in the historic district provided the sign complies with the criteria for issuance of a Certificate of Appropriateness.
"....
"(3) SIGN PERMIT. All signs allowed under this paragraph (paragraph 7), shall first obtain a Certificate of Appropriateness, as required by this Ordinance, and approval by the appropriate Review Board prior to obtaining a sign permit from the City's Land Use/Code Administration Department.
"....
"(5) Approval of Architectural Review Board, Old Dauphin Way Review Board, and any other Review Board added in the future, and procedures for application. All signs located within a historic district shall require review and approval by the Architectural Review Board, or the Old Dauphin Way Review Board, or any other Review Board established in the future, prior to the issuance of a permit for the erection of said signs. The Architectural Review Board(s) may implement restrictions and guidelines more stringent than is contained within paragraph 7 of this Ordinance...."
The ordinance required that any nonconforming sign be removed by October 13, 1992. The trial court held the sign ordinance unconstitutional because, the court concluded, it was vague, ambiguous, and arbitrary and vested "unbridled discretion" in government officials.
Municipal ordinances are presumed to be valid and reasonable and will not be struck down unless clearly arbitrary and unreasonable. Pate v. City Council of Tuscaloosa, 622 So.2d 405 (Ala.Civ.App.1993). Municipalities have the authority to regulate the use of structures and improvements in certain zones or districts and can use their zoning power to regulate aesthetics in maintaining property values. Chorzempa v. City of Huntsville, 643 So.2d 1021 (Ala.Crim.App. 1993); Pate, supra.
However, "[i]f a statute or regulation `either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application,' it is void for vagueness." Kid's Stuff Learning Center v. State, 660 So.2d 613, 619 (Ala.Civ. App.1995), quoting Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). In addition, "`[s]o far as [an ordinance] restricts the absolute dominion of the owner over its property, it should furnish a uniform rule of action, and its application cannot be left to the arbitrary *955 will of the governing authorities.'" Longshore v. City of Montgomery, 22 Ala.App. 620, 622, 119 So. 599, 600 (1928), quoting City Council of Montgomery v. West, 149 Ala. 311, 314, 42 So. 1000, 1000 (1907).
The ordinance requires that a certificate of appropriateness be obtained for each sign. Although, according to the ordinance, all signs that meet the "criteria" will be approved, the "criteria" are not set out. In addition, the ordinance does not provide guidelines to be used in determining whether a sign is "appropriate." Thus, as the trial court stated, applicants do not have notice of the rules, criteria, or guidelines used in granting or denying approval. We agree with the trial court's conclusion that this is unreasonable, and that the ordinance is impermissibly vague and ambiguous.
In addition, the trial court noted that the City submitted its "sign design guidelines," which were adopted on June 15, 1992. It is not clear if these guidelines are published. Although the guidelines do provide some assistance, they repeatedly use terminology such as "modern materials" and "modern architectural design" without defining these terms. For instance, one of the guidelines states that "[t]he use of neon will be considered in cases where the architecture of the building is compatible with neon." The trial court noted in its order another guideline that guideline states that "[t]he use of plastic, vinyl or similar materials is discouraged and will be approved only under the circumstances where the architecture of the building where the sign is to be located or if surrounding buildings are of a modern architectural design and the building incorporates modern materials."
The trial court also held, based on the foregoing, that the ordinance does not provide "ascertainable criteria, requirements, or guidelines for approval, [and therefore subjects] applicants to the unbridled discretion of the Review Board." Thus, the ordinance is also unconstitutional in that it provides the review boards with complete discretion in granting or denying its approval of signs. A statute that permits such arbitrary discrimination and ad hoc decisions is not permissible. See Smith v. City of Mobile, 374 So.2d 305, 307 (Ala.1979); Longshore, supra.
The ordinance is impermissibly vague and ambiguous. In addition, it provides the review boards unbridled discretion. Therefore, the trial court correctly held the ordinance unconstitutional.
The City argues that the Weinackers were ordered to remove the sign because it violates the size limit for signs, not because it was not approved by a review board or was not issued a certificate of appropriateness. The City contends that, therefore, the Weinackers' arguments as to unconstitutionality are "hypothetical" and "abstract," and should not be considered by this court. The City also argues that, because the sign was disapproved on the basis of size, this court is precluded from considering whether the remainder of the sign ordinance is unconstitutional. However, nothing in the record indicates that the City raised this issue in the trial court. In the trial court, the City argued that the ordinance was constitutional; it did not argue that the court should not address the constitutionality issues. Because the City did not make this objection in the trial court, it cannot raise it on appeal as error. Cook v. State, 574 So.2d 905 (Ala. Crim.App.1990) (holding that the State could not raise on appeal an issue of standing that it had not raised in the trial court); City of Mobile v. Lee, 274 Ala. 344, 148 So.2d 642 (1963) (holding that an appellee's argument that the city did not have standing to appeal came too late, because the question of the city's standing was not raised in the trial court); see also Owens v. National Bank of Commerce, 608 So.2d 390 (Ala.1992); Kemp Motor Sales, Inc. v. Lawrenz, 505 So.2d 377 (Ala.1987); Pate, supra (holding that an argument not raised in the trial court until two weeks after trial could not be considered by the trial court).
Similarly, we cannot address the City's argument that the trial court should not have considered evidence regarding variances granted by the City regarding other business signs. The Weinackers submitted this evidence in the form of exhibits to their motion for a summary judgment. The record does not indicate that the City objected to the *956 admission of this evidence. The City did not move to strike this evidence, nor did it request at the hearing that the trial court not consider it. Therefore, we cannot address this argument.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
I concur in the affirmance of the trial court's judgment holding a portion of the city's sign ordinance unconstitutional. However, I question whether the issue of standing must be raised before the trial court. I note that the Court of Criminal Appeals has indeed held that the issue of standing must be raised before the trial court or else is waived on appeal, see Cook v. State, 574 So.2d 905, 908 (Ala.Crim.App.1990), and I agree that the application of that principle, if it is correct, bars the City's argument in this case. However, if, as has often been stated, an appellate court "will not pass upon a constitutional question unless some specific right of the appellant is directly involved," State v. Woodruff, 460 So.2d 325, 328 (Ala. Crim.App.1984), then I question whether it is incumbent upon a party to raise before the trial court the issue of standing to challenge the constitutionality of a statute. See Kinard v. Jordan, 646 So.2d 1380, 1383 n. 5 and 1388 (Ala.1994) (stating that the trial court should not have reached the constitutional issue and reversing the judgment based on that issue).